**OMAHA STANDARD, INC., an Iowa Corporation, Appellee,**

v.

**Milo NISSEN et al., Gary Nissen, Appellant.**

**No. 54368.**

Supreme Court of Iowa.

June 17, 1971.

Leighton A. Wederath and James Furey, Carroll, for appellant.

Peter J. Peters, of Peters, Walker, Campbell & Pearson, Council Bluffs, for appellee.

MASON, Justice.

This is a replevin action instituted by Omaha Standard, Inc. for the recovery of a truck body and hoist and accessories installed upon a 1962 Ford truck which was brought to plaintiff's place of business by defendant Milo Nissen November 7, 1968. Plaintiff is an Iowa corporation with its principal place of business at Council Bluffs. Milo Nissen is the father of defendant Gary Nissen. The property involved is described as a 16 foot by 94 inch by 64 inch fold-down vented wood, Tread Plate Floor with grain gate truck body and Heil hoist with other accessories.

It is undisputed that Milo Nissen ordered the items described and agreed to pay plaintiff $2933.31 for the installation. At the time the order was placed the Ford truck was equipped with a smaller body and hoist. This equipment was taken by plaintiff on a trade-in basis allowing an agreed credit of $717.82. Milo Nissen made an additional down payment of $375 in cash leaving an unpaid balance of $1840.49. Plaintiff extended credit to Milo Nissen on this balance for 90 days with interest.

When the truck with the new equipment installed was delivered November 18, 1968 to Milo Nissen he furnished a promissory note form which he executed in favor of plaintiff payable February 18, 1969 as evidence of the unpaid balance. Plaintiff sent Milo Nissen a demand letter by certified mail March 13, 1969 after he had failed to make any payments on the note.

April 4 the present law action was filed. May 19 plaintiff amended its petition alleging it had reasonable grounds to believe Gary Nissen claimed some right, title or interest to the property involved which plaintiff asserted was inferior to its title and interest.

Milo Nissen and Gary Nissen appeared by separate attorneys and filed separate answers. None of the other defendants named in the caption of this action appeared or filed answers and were held to be in default.

In answer defendants denied generally the allegations of plaintiff's petition. Gary Nissen in separate division of his answer alleged the title to the truck box, the hoist and accessories installed by plaintiff became an integral part of the truck and under the doctrine of accession became his property. In addition to this affirmative defense Gary Nissen defends on the grounds he is the owner of the truck and he is not responsible for his father's debts and plaintiff cannot claim a lien on the truck without a notation thereto on the certificate of title.

Trial was had to the court. Milo Nissen offered no defense. In support of his allegation of ownership Gary Nissen offered in evidence the certificate of title on the Ford truck showing him to be the owner and that he had received title August 5, 1968 from Nissen & Nissen, a partnership of Audubon composed of him and his father.

The court entered judgment decreeing plaintiff to be entitled to immediate possession of the equipment for which the writ was asked and granting plaintiff authority

to remove the same, take possession and hold or sell it at a public or private sale and apply the proceeds received on Milo Nissen's note. Costs were taxed against Milo Nissen and Gary Nissen.

In arriving at this judgment the court concluded the real controversy in the case was whether Gary Nissen's claim that the property placed on the truck by plaintiff became an integral part of the equipment under the doctrine of accession constituted a defense. The court was of the opinion plaintiff had offered ample and sufficient evidence of its right to replevin the equipment if the doctrine did not apply.

After reviewing the evidence and the law the court determined the doctrine of accession should not apply as it found the items described were removable without damage to the truck.

The court further concluded plaintiff had reserved title to the truck body, the hoist and accessories until the promissory note was fully paid. In as much as the note was not paid, plaintiff was entitled to replevin the items.

Only Gary Nissen appeals.

In a law action tried to the court as here, our review is not de novo but only on errors assigned. Under this limited extent of review the findings of fact by the trial court have the effect of a special verdict and are equivalent to a jury verdict. If supported by substantial evidence and justified as a matter of law, the judgment will not be disturbed on appeal. Rule 344(f) (1), Rules of Civil Procedure. Stated in other words, in a law action tried to the court its findings of fact having adequate evidentiary support shall not be set aside unless induced by an erroneous view of law. It follows, the rule does not preclude inquiry into the question whether, conceding the truth of a finding of fact, the trial court applied erroneous rules of law which materially affect the decision. Alsco Iowa, Inc. v. Jackson, 254 Iowa 837, 840, 118 N.W.2d 565, 567; France v. Ben-

ter, 256 Iowa 534, 536, 128 N.W.2d 268, 270. We may also interfere when such findings are undisputed or no conflicting inferences may be drawn from them. Beneficial Finance Company of Waterloo v. Lamos, 179 N.W.2d 573, 578 (Iowa 1970); Henschel v. Hawkeye-Security Insurance Company, 178 N.W.2d 409, 415 (Iowa 1970).

I. In one assignment Nissen maintains the court erred in holding he did not acquire title under the doctrine of accession to the equipment installed by plaintiff pursuant to a contract with his father.

We point out the certificate of title at the time of the installation indicates Gary Nissen as the owner of the Ford truck and the promissory note furnished by Milo Nissen provided in part:

" * * * it is further agreed that title and ownership of the certain personal property described as follows: 16-foot fold-down body and 1721F Heil Hoist and accessories listed on Invoice #4621, dated 11/18/68 for which this promise to pay is made and given shall be and remain in said owners, the Seller, until the full purchase price is paid * * *."

There was no notation on the certificate of title as to this agreement nor was the title retention instrument recorded.

As stated, the court concluded the doctrine of accession did not apply. This is based on its finding, "the only evidence introduced in the trial of this cause relative to the removability of the truck box and hoist and accessories was introduced by the witnesses of the plaintiff. No testimony in this respect was introduced by the defendants or any of them. It is the testimony of the plaintiff's witnesses that the truck box and the hoist can be easily removed without damage to the frame or the remainder of the truck and that the stretch in the truck frame can be removed so that the frame will be returned to its original size prior to the work performed and that the two tool boxes, the one folding step,

the wood bumper block, the rear hitch, the tire carrier and the three chain tighteners, which are part of the accessories installed on the equipment by the plaintiff and which remain on the truck at this time, can all be removed without damage of any kind to the equipment."

There is substantial evidence in the record that could support this finding. We do not weigh the evidence. Arbie Mineral Feed Company v. Nissen, 179 N.W.2d 593, 595 (Iowa 1970).

The question is whether the trial court applied the correct principle of law.

Application of the doctrine of accession to the changing concepts of justice and the growth of modern conditions render hazardous any attempt to give a comprehensive definition. 1 C.J.S. Accession § 1. As a term of legal classification accession is generally employed to signify the right of an owner of personal property to the personal property of another which is incorporated into or united with his property. Rights of accession include accession of other materials as well as skill and labor. 1 Am.Jur.2d, Accession and Confusion, section 1.

The court in Ralston Purina Company v. Toycen Motors, 21 Wis.2d 206, 124 N.W.2d 24, 27, gave this definition:

" * * * By this doctrine, when goods of two different owners are incorporated together, the title to the resulting product goes to the owner of the principal goods. Brown, Personal Property (2d ed.), p. 54, sec. 25. The general rule is that the doctrine does not apply when the attached article can be separated from the principal property without damage to the latter. This rule, however, is subject to terms of any agreement, specific intention of the parties, and certain specific rules which are recognized in certain factual circumstances. Brown, supra, p. 55. The con-

trolling factor is the intention of the parties whenever that can be ascertained. For general discussions of the doctrine and its application, see 7 Blashfield, Cyclopedia of Automobile Law and Practice, p. 462, sec. 4574; 1 Am.Jur.2d, Accession and Confusion, pp. 276–278, secs. 6–8; Anno. 43 A.L.R.2d 813."

The editors of the annotation in 43 A.L.R.2d at 814–815 say:

"A material consideration in the law of accession is whether the lesser property has become so united with the greater as to be incapable of detachment without harm to either the principal article or the thing attached. Generally, with respect to the detachability of the accessory or equipment from the automobile, it may be said that the courts are less likely to apply the doctrine of accession if the items in question can be removed expediently and with little or no damage to themselves or the automobile. * * *

"Where the automobile part of accessory is purchased under a retention of title agreement under which the seller does not pass the title, the majority of the cases have held that such parts, at least where they are identifiable or severable, do not become a part of the automobile by accession."

At 821–822 of this annotation cases from 22 jurisdictions are set out in which the courts have held where the accessories can be detached without harm to the rest of the automobile they are separate and distinct and not accessions thereto.

The court concluded plaintiff had reserved to itself title to the truck body, the hoist and accessories until the promissory note was fully paid as plaintiff and defendant Milo Nissen obviously intended. The court noted particularly that Gary Nissen was vague as to the consideration for the transfer of the truck to him from

the partnership and admitted his father used the truck on many occasions for periods as long as 11 days. The court also concluded under the factual circumstances this contract, as it relates to the title, was binding upon defendant Gary Nissen even though he was not a signatory to the note. There is substantial support in the record for this finding.

Nissen quotes from and relies on Texas Hydraulic & E. Co. v. Associates Discount Corp., Tex.Civ.App., 414 S.W.2d 199. An examination of this case leads to the conclusion that it does not aid defendant here. The appellate court said at 201, "Since there were no findings of fact and conclusions of law requested in the trial court, and none was filed, we must presume that all fact issues were favorably found in support of the judgment." This is not the factual situation here.

The trial court applied correct principles of law in determining the doctrine of accession did not apply to the facts found by it as trier of fact.

II. Much of what has been said in the previous division applies to the contentions urged in support of defendant's other assignments of error which defendant properly preserved and presented for review. We find them to be without merit whether specially mentioned or not.

We point out this case was plead, tried, and decided under common law rules relating to accession. The application of the Uniform Commercial Code to its facts was not raised. We review the case as it was tried below and do not consider the possible impact of the Uniform Commercial Code on the transaction.

The case is therefore—affirmed.

All Justices concur except REYNOLDSON, J., who takes no part.