See also, Bkrtcy., 93 B.R. 526.

**In re C.M. TURTUR INVESTMENTS, INC., d/b/a Chris Turtur Nissan, Debtor.**

**C.M. TURTUR INVESTMENTS, INC., d/b/a Chris Turtur Nissan and Nissan Motor Acceptance Corp., Plaintiffs–Appellees,**

**v.**

**BELLFORT NATIONAL BANK, Defendant–Appellant.**

**CIV. A. No. H–88–2215.**
**Bankruptcy No. 88–01606–H5–11.**

United States District Court,
S.D. Texas,
Houston Division.

Sept. 14, 1988.

reserves this question until such time as the claim is subjected to the appropriate claims allowance process.

Beth Manning, Weil, Gotshall & Manges, George R. Neely, Brochstein & Slobin, Houston, Tex., for plaintiffs-appellees.

Aaron Keiter, Weiner, Strother & Blustein, Houston, Tex., for defendant-appellant.

## MEMORANDUM AND ORDER

DeANDA, Chief Judge.

Pending before the Court in the above referenced cause is Appellant Bellfort National Bank's appeal, pursuant to 28 U.S.C. § 158, from a June 8, 1988, written, final judgment of the bankruptcy court denying Appellant status as a secured creditor and holder in due course and ordering a turnover by Appellant of disputed certificates of title and manufacturers' statements of origin ("MSO's") for vehicles to the estate of Debtor–Appellee C.M. Turtur Investments, Inc. ("Turtur"), d/b/a Chris Turtur Nissan. After review of the record and of applicable law on this issue, apparently of first impression, the Court concludes that the bankruptcy's judge's order should be affirmed and Appellant's appeal denied.

Co–Appellee Nissan Motor Acceptance Corp. ("NMAC"), pursuant to a financing and security agreement executed by Debtor Turtur on July 17, 1987, is a secured creditor that provided financing for the acquisition of, and was granted a security interest in, the vehicle inventory of Debtor, a car dealership. Subsequently, in accordance with accepted commercial practice, Appellant ("BNB") provided provisional credit and advanced funds to Debtor, on vehicles Turtur sold to consumers, solely on the basis of sight drafts. These drafts were drawn by Debtor and deposited with BNB, and they were accompanied by certificates of title and MSO's. When the purchaser, or drawee, paid the facial amount of the draft, BNB would give him the documents to the car and title would transfer to the buyer.

This arrangement was complicated by Debtor's filing of a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code on February 22, 1988. Since Debtor's estate then fell under protection of the bankruptcy court, BNB, having given Debtor credit, nevertheless could not obtain funds back from Debtor without permission of the bankruptcy court. Nor could Debtor return the provisional credit to BNB in exchange for the draft envelopes and documentation.

Even though BNB admits it had no security agreement with Turtur, BNB, as collecting bank, now argues that it has a secured interest not only in the drafts deposited with it, but also in the certificates of title and MSO's and, by extension, in the specific vehicles to which they pertain, under Tex.Bus. & Com.Code Ann. Section 4.208, Tex. U.C.C. (Vernon's 196) and case law. Section 4.208 requires, for establishment of a lien through possession by BNB, that the owners must give documents to the bank with the intent that they constitute security.

In the case at bar, the Court is in full accord with the bankruptcy judge's findings of fact and conclusions of law in denying BNB a security interest in the documents and vehicles and in refusing to recognize BNB as a holder in due course. As noted, BNB admits there was no security agreement between BNB and Turtur granting BNB a security interest in either the documents or the vehicles evidenced by the documents. Under the Certificate of Title Act § 41 and Tex. U.C.C. § 9.302(c)(2), there must be a notation, absent here, on the certificate of title of any lien in order to perfect a security interest in the corresponding motor vehicle. Otherwise the certificate of title merely indicates that the vehicle is registered with the state. None of the documents at issue had been negoti-

ated to or for BNB, which is therefore precluded from holder-in-due-course status. Moreover, the Court agrees with the bankruptcy judge that certificates of title and MSO's are not negotiable instruments that can dispose of property, nor was BNB ever authorized to do so. Accordingly, the Court

ORDERS that Appellant's appeal is DENIED and that this action is DISMISSED with prejudice.