**In re Connie S. WEAVER, Debtor.**

**William B. LOGAN, Jr., Chapter 7 Trustee, et al., Plaintiff–Appellee,**

v.

**CHESROWN RAPID CREDIT A/S, Defendant–Appellant.**

No. C2–91–250.

United States District Court, S.D. Ohio, E.D.

Sept. 23, 1991.

Ruth Ann Hohl, Luper, Wolinetz, Sheriff & Neidenthal, Columbus, Ohio, for William B. Logan, Jr., Chapter 7 Trustee, plaintiff-appellee.

Steven Louis Ball, Columbus, Ohio, for Chesrown Rapid Credit, defendant-appellant.

## OPINION AND ORDER

GRAHAM, District Judge.

Chesrown Rapid Credit ("Chesrown"), defendant in the proceeding below, appeals from an order of the United States Bankruptcy Court. The issue presented on appeal is whether the bankruptcy court erred in declaring void Chesrown's lien on a 1987 Plymouth Reliant. This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a).

### I.

The facts are not disputed. On June 29, 1990, the debtor, Connie S. Weaver, entered into a retail installment contract and security agreement with Chesrown for the purpose of financing the purchase of a 1987 Plymouth Reliant from Chesrown Oldsmobile. The purchase price was $5,215.00. Weaver also took possession of the 1987 Plymouth on June 29, 1990. On July 6, 1990, Weaver filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 701 *et seq.* On July 18, 1990, the clerk of the Franklin County, Ohio Common Pleas Court issued a Certificate of Title for the 1987 Plymouth with Chesrown's lien noted thereon.

On September 12, 1990, the trustee filed an adversary action seeking to avoid Chesrown's lien. The trustee filed a motion for summary judgment. Chesrown responded and also filed its own summary judgment motion.

The trustee sought to avoid Chesrown's lien under 11 U.S.C. §§ 547(b), 544 and 549. Chesrown argued that the trustee could not avoid the lien under § 547(b) because under Ohio Revised Code ("ORC") § 4505.-04(A) and (B), Weaver could not have any legal interest in the car until the title was transferred, and the transfer was, in any event, either a contemporaneous exchange or the security interest was perfected within ten days after Weaver took possession of the car.

On February 15, 1991, the bankruptcy court entered an opinion and order granting the trustee's motion for summary judgment, and entered a final judgment on March 7, 1991 declaring Chesrown's lien on the subject car to be void and of no effect. Chesrown appeals from the bankruptcy court's final judgment and opinion and order.

### II.

A bankruptcy court's findings of fact must be upheld unless they are clearly erroneous. Bankr.R. 8013; *In re Southern Industrial Banking Corp.*, 809 F.2d 329, 331 (6th Cir.1987). A bankruptcy court's conclusions of law, however, are reviewed *de novo*. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir.1986).

The factual findings of the bankruptcy court are not at issue in the instant appeal. Rather, Chesrown appeals on the basis that the bankruptcy court allegedly misapplied the law.

### III.

The threshold issue is whether, in the light of ORC § 4505.04, the notation of the lien on the car title constituted a "transfer of property of the debtor," 11 U.S.C. § 544; a "transfer of the property of the estate," § 549(a); or a "transfer of an interest of the debtor in property," § 547(b). The bankruptcy court held that the trustee was entitled to avoid Chesrown's lien under all three of these Bankruptcy Code sections. Chesrown argues that each of the sections quoted above states essentially the same requirement, viz, a transfer of the estate's or debtor's property, and that ORC § 4505.04 prevented Weaver from having any property interest in the car until the title was transferred. Chesrown further contends that as a result, no transfer of the debtor's property took place because the debtor in this case had no interest which could be transferred. Rather, Chesrown argues, the issuance of the title acted to transfer property to Weaver's estate, not from it.

The Court agrees with Chesrown that §§ 544, 547 and 549 all require a transfer of the property of the debtor or the debtor's estate. It is axiomatic that the nature and extent of a debtor's interest in property are to be determined according to principles of state law. *In re Terwilliger's Catering Plus, Inc.*, 911 F.2d 1168, 1172 (6th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2815, 115 L.Ed.2d 987 (1991). Once the extent of the debtor's interest is established federal bankruptcy law dictates whether the interest is property of the estate. *Id.*

ORC § 4505.04 states in part as follows:

(A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until such person has had issued to him a certificate of title to the motor vehicle, or delivered to him a manufacturer's or importer's certificate for it; and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration.

(B) Subject to division (C) of this section, no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

(1) By a certificate of title, a manufacturer's or importer's certificate, or a certified receipt of title cancellation to an exported motor vehicle issued in accordance with sections 4505.01 to 4505.19 of the Revised Code;

(2) By admission in the pleadings or stipulation of the parties;

(3) In an action by a secured party to enforce a security interest perfected under sections 1309.01 to 1309.50 of the Revised Code in accordance with division (A) of section 4505.13 of the Revised Code, by an instrument showing a valid security interest.

Under ORC § 4505.04, neither Weaver nor her estate acquired rights in the car until the certificate of title was issued. *See In re Trott,* 91 B.R. 808 (Bankr.S.D.Ohio 1988); *In re Lorandos,* 58 B.R. 519 (S.D.Ohio 1986); *In re Stump,* 51 B.R. 482 (S.D.Ohio 1985). This Court is aware of narrowly drawn exceptions to the literal application of ORC § 4505.04. *See, e.g., In re Akron–Cleveland Auto Rental, Inc.,* 921 F.2d 659 (6th Cir.1990) (retention of manufacturer's certificates of title by new car dealer not determinative of whether alleged innocent purchaser held title). However, the circumstances in which courts have carved out narrow exceptions to the literal application of ORC § 4505.04 involve fraud, constructive trusts or innocent purchasers. *See Id.* at 662. None of these circumstances are present in the instant case, and departure from the plain

language of ORC § 4505.04 would therefore not be proper.

■ It follows that no transfer of Weaver's property or property of Weaver's estate occurred because, under ORC § 4505.04, until the certificate of title was issued, Weaver and her estate had no interest that could be transferred. The title was issued at the same time the lien was noted thereon. The net result of the issuance of the certificate of title was that Weaver's estate gained something: title to a car subject to a lien. Before this, the estate had no interest in the car whatsoever.

In this regard, the Court finds one of Chesrown's arguments most persuasive. If Chesrown had never caused the certificate of title to be issued in Weaver's name, the trustee would have had only two choices: reject the purchase contract and return the car; or, assume the contract and pay Chesrown in full as required by the contract. Surely, it cannot be the intent of either the Bankruptcy Code or Ohio property law to penalize Chesrown for transferring title to Weaver when it could have retained it instead and achieved a more favorable result.

■ In the proceedings below, the bankruptcy court never directly addressed the impact of the unique provisions of ORC § 4505.04. Indeed, that section is not mentioned in the bankruptcy court's opinion. The bankruptcy court did cite two cases that involved the application of ORC § 4505.04. *In re Winnett*, 102 B.R. 635 (Bankr.S.D.Ohio 1989); *In re Trott*, 91 B.R. 808 (Bankr.S.D.Ohio 1988). Neither *Winnett* nor *Trott*, however, address the threshold issue raised by Chesrown, namely, whether in the circumstances presented in this case ORC § 4505.04 precludes the satisfaction of an essential element common to 11 U.S.C. §§ 544, 549(a) and 547: the transfer of property of the debtor or the debtor's estate. *Winnett* and *Trott* merely held, correctly, that ORC § 4505.04 does not prevent a debtor from taking *possession* of a car for purposes of § 547(c)(3) prior to the issuance of the certificate of title in the debtor's name. Interestingly,

the court in *Trott* suggested the proper result in this case when it acknowledged in dicta that under ORC § 4505.04 a debtor acquires no rights in a car until a certificate of title is issued in the debtor's name. 91 B.R. at 812.

Tracking the language from its previous decision in *Winnett*, the bankruptcy court in the instant case seemed to suggest that Chesrown conceded that the elements of § 547(b) were satisfied. Opinion, R. 7, pp. 2–3. However, Chesrown did, in fact, fairly raise the threshold issue whether a transfer of property of the debtor or the debtor's estate could have occurred in light of ORC § 4505.04. Defendant's memorandum contra motion for summary judgment, R. 12, p. 3; Defendant Chesrown Rapid Credit's memorandum in reply to defendant's [sic] cross-motion for summary judgment, R. 9, p. 2. Although the bankruptcy court did not directly address the threshold issue, it did discuss whether a transfer occurred in connection with §§ 547(b) and 549(a). Opinion, R. 7, pp. 4, 6. The bankruptcy court concluded that under the broad definition of "transfer" set forth in 11 U.S.C. § 101(54), Chesrown's issuance of the certificate of title with the lien noted thereon constituted a transfer. Opinion, R. 7, p. 4.

The relevant inquiry, however, is not merely whether a transfer occurred, but whether there was a transfer of property of the debtor or the debtor's estate. In addressing the contemporaneous exchange exception, the bankruptcy court mentioned in passing that "a security interest can be given only by the debtor, it cannot be *retained* by the creditor who sold the property to the debtor, and it attaches only when the debtor's interest in the property is perfected." Opinion, R. 7, p. 5 (emphasis in original). For this proposition the bankruptcy court cited *Sussen Rubber Co. v. Hertz*, 19 Ohio App.2d 1, 249 N.E.2d 65 (1969). Significantly, *Sussen* did not involve the application of ORC § 4505.04. Rather, *Sussen* addressed the application of Ohio's version of Article 9 of the Uniform Commercial Code ("UCC"), and in particular the after-acquired property pro-

vision, ORC § 1309.15(A) (UCC 9–204(1)). It is not clear whether the bankruptcy court mentioned the general rule that a security interest can only be given by a debtor and cannot be retained by a creditor in answer to the threshold issue raised by Chesrown. Nevertheless, this general rule, applicable to Article 9 security interests, does not abrogate the effect of ORC § 4505.04 in the instant case. Ohio Revised Code Chapter 4505, Certificate of Motor Vehicle Title Law has its own unique rules pertaining to security interests. For example, ORC § 4505.13(A)(1) states that except in cases involving dealers' creditors, "sections 1309.01 to 1309.50 [UCC Article 9] and 1701.66 of the revised Code do not permit or require the deposit, filing, or other record of a security interests covering a motor vehicle." ORC § 4505.13(B) provides in part:

> any security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by the clerk of the court of common pleas on the face of the certificate of title, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants.

Chapter 4505 even contains its own definition of "lien," ORC § 4505.01(A)(1). Most importantly, ORC § 4505.04 provides that a person has no right, title claim or interest in a car until a certificate of title is issued in the person's name. Under ORC § 4505.04 no transfer of Weaver's property or property of Weaver's estate took place because until the certificate of title was issued Weaver and her estate had no interest in the car that could be transferred. Rather, the issuance of the certificate of title with the lien noted thereon represented a net gain to Weaver's estate: before the issuance the estate had no interest in the car; afterwards, it had title to a car subject to a lien.

■ For the foregoing reasons, the Court holds that a transfer of Weaver's property or property of Weaver's estate did not occur when Chesrown caused the certif-

icate of title to be issued with the lien noted thereon. Chesrown's lien is therefore not avoidable under 11 U.S.C. §§ 544, 547(b) or 549(a). Moreover, because the net result of Chesrown's action was to transfer an interest in the car to the estate, and the estate had no interest in the car beforehand, the action did not violate the automatic stay provision of 11 U.S.C. § 362(a).

Based on the foregoing, the judgment of the bankruptcy court is REVERSED and REMANDED. Upon remand, the bankruptcy court shall enter summary judgment in favor of Chesrown, declaring its lien on the subject car to be valid.

It is so ORDERED.