**In the Matter of AZTEC CONCRETE, INC., Debtor.**

**Bankruptcy No. 91–00152–C–H.**

United States Bankruptcy Court,
S.D. Iowa.

Feb. 6, 1992.

---

Mike Christensen, Des Moines, Iowa, for debtor.

Thomas H. Burke, Whitfield, Musgrave & Eddy, Des Moines, Iowa, for creditor.

Anita L. Shodeen, Beving, Swanson & Forrest, P.C., Des Moines, Iowa, trustee.

## ORDER ON MOTION FOR RELIEF FROM STAY AND DETERMINATION OF LIEN STATUS

RUSSELL J. HILL, Bankruptcy Judge.

A telephonic hearing was held on September 13, 1991 on the creditor's motion for relief from stay and trustee's objection thereto. Thomas H. Burke appeared on behalf of the creditor, Concord Commercial Corporation ("Concord"); Mike Christensen appeared on behalf of the debtor; and Anita L. Shodeen appeared as Trustee. The parties' September 9, 1991 stipulated order resolved the dispute as to a portion of the property at issue but a dispute still remains as to one Ford LT8000 Truck S/N 1FDZU82AXKVA 38398. At the conclusion of the hearing, the court took the matter under advisement under a briefing deadline. Concord and the Trustee have submitted timely briefs and the court considers the matters fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Upon review of the pleadings, evidence, and arguments of counsel, the court now enters its findings and conclusions pursuant to Fed. R.Bankr.P. 7052.

## PROCEDURAL SETTING

In this contested matter, Concord seeks relief from the automatic stay to permit it to foreclose and enforce its interest in the property at issue. The Trustee objects to Concord's motion and has simultaneously filed an application to determine lien in a contested proceeding. The validity of a lien is normally pursued as an adversary proceeding under Bankruptcy Rules 7001, et seq. Notwithstanding that this is a contested matter on motion for relief from stay, this court will determine the lien issue because the parties involved in this issue are the only parties in interest, they have consented to the court so doing, and no other creditors will be prejudiced by said determination within the context of the motion for relief from stay proceeding. Judicial economy will also be served by a determination of the lien issue in this proceeding rather than through a separate adversary proceeding. *Cf. In re C.M. Turtur Invs., Inc.*, 93 B.R. 526, 528 (Bankr.S.D.Tex.1988), *appeal denied*, 95 B.R. 459 (S.D.Tex.1988), *aff'd*, 883 F.2d 35 (5th Cir.1989).

## FINDINGS OF FACT

1. On March 30, 1989, Ford Motor Company issued a certificate of origin for a new 1989 Ford model LT8000 Truck, vehicle identification number (VIN) 1FDZU82AXKVA 38398. This vehicle was transferred to Boyer Ford Trucks, Inc. (Boyer Truck), Minneapolis, Minnesota, by use of the certificate of origin.

2. Boyer Ford transferred this truck to McNeilus Trucking & Manufacturing (McNeilus), Dodge Center, Minnesota, a dealer, which mounted an 8½ yard mixer (hereinafter "the mixer") on the truck.

3. On June 20, 1989, the vehicle, with mixer, was transferred to Aztec Concrete by McNeilus. The certificate of origin was then endorsed to show Aztec Concrete as the purchaser and Concord Commercial Corporation (herein "Concord") as the lienholder. This vehicle was then ready for titling.

4. On June 21, 1989, Debtor executed a security agreement in favor of Concord wherein Debtor borrowed and agreed to pay back $68,650.00, plus interest, from Concord. Debtor gave Concord a security interest in the truck and mixer.

5. On June 28, 1989, a financing statement was filed with the Secretary of State. This financing statement listed Aztec Con-

crete as a debtor with Concord as the secured party on the truck and mixer.

6. On July 14, 1989, Debtor's president, Rosalie J. McCoy, prepared an Iowa Application for Certificate of Title for the truck. This application identified Circle Business Credit, Inc., as holding the first security interest.

7. On the basis of this application a Certificate of Title was issued on July 14, 1989, for said vehicle. The Certificate of Title identified Aztec Concrete as the owner and Circle Business Credit, Inc., as the holder of the first and second security interest in said vehicle.

8. Upon discovery of this mistake Concord protested and the Circle Business Credit security interest was released on October 24, 1990.

9. Unknown to Concord and on October 19, 1990, Debtor's attorney, Mike Christensen, placed another lien on the truck. Concord commenced legal proceedings against Mike Christensen to compel the release of this lien.

10. On January 22, 1991, an Involuntary Chapter 7 Petition was filed against Debtor.

11. On January 25, 1991, Debtor's president made application to the Iowa Department of Transportation that the security interest of Concord be noted upon the Certificate of Title. Mike Christensen released his first lien and on January 28, 1991, the Certificate of Title was noted to show Concord as holding the first security interest in the truck and Mike Christensen as holding the second security interest.

12. An Order for Relief was entered on May 1, 1991.

## DISCUSSION

Concord requests the court exercise its equitable powers to grant relief from stay to allow Concord to foreclose and enforce its security interest in the truck or, in the alternative, allow Concord to foreclose and enforce its security interest in the mixer as a matter of law. The trustee objects to Concord's motion and asks the court to make a finding that the lien held by Con-

cord is invalid and to void the lien pursuant to 11 U.S.C. § 549. At issue then is whether and to what extent Concord holds a perfected lien in the property at issue. For the reasons stated below, the court determines that Concord's lien is subject to avoidance by the Trustee under 11 U.S.C. § 549 and Concord's motion for relief shall be denied.

## THE TRUCK

■ Concord concedes that it failed to perfect its lien in the truck pursuant to Iowa Code § 321.50 before Aztec was forced into bankruptcy. Iowa Code § 321.50 provides for the notation of security interests in vehicles subject to the Iowa certificate of title law. The application for a lien notation pursuant to § 321.50 was not submitted to the treasurer until January 25, 1991. The lien was not noted on the title until January 28, 1991. Thus, Concord's lien in the truck was unperfected as of January 22, 1991, the date of the bankruptcy filing.

The court declines to accept Concord's invitation to find its lien perfected under its equitable powers, since Iowa law is clear on the proper method for perfection of a security interest in a vehicle. It is a creditor's responsibility to ensure that its interest is properly perfected. Section 321.50 is written in such a way as to provide notice to the lienholder that its lien is properly perfected. Section 321.50(3) expressly provides that upon the notation of the security interest upon the certificate of title, the county treasurer shall then mail the certificate of title to the first secured party as shown on the certificate of title.

## THE MIXER

■ The court now turns its attention to whether Concord has a perfected interest, not subject to the trustee's § 549 avoidance powers, in one MTM 8½ yard mixer body attached to the truck in which Concord failed to perfect its interest by notation on the vehicle's certificate of title. The following pertinent facts are reiterated. The truck with mixer was sold to Aztec as one assembled unit. The certificate of origin

indicated Concord's security interest in the truck; however, when the truck was brought to Iowa and registered, Concord's lien was not noted on the Iowa certificate of title. Thus, Concord's interest in the truck was unperfected. Concord did, however, file a financing statement indicating its interest in the "Truck with One (1) MTM 8½ Yard Mixer." An involuntary petition was filed against Aztec on January 22, 1991 and the court entered an order for relief on May 1, 1991. On or about January 25, 1991, an application for notation of lien was made and Concord's security interest in the truck was noted on the truck's title on January 28, 1991.

Concord argues that under Article 9 it has a perfected interest in the mixer, which is not subject to the trustee's § 549 avoidance powers. Arguing that the mixer is a "good," under I.C. § 554.9105(1)(h), and "equipment," under I.C. § 554.9109(2), Concord claims the mixer is an "accession," I.C. § 554.9314(2) & (3), to which its security interest attached after the mixer was mounted on the truck. This interest was perfected, argues Concord, under §§ 554.-9314 and 554.9401(1)(c) when a financing statement covering the truck with mixer was filed June 28, 1989.

The trustee argues that the mixer is an integral part of the vehicle and, therefore, Concord cannot have a separate security interest in the mixer. The trustee has cited a number of cases from other jurisdictions to support her position that a security interest in the mixer could have attached and have been perfected only under certificate of title law.

Statutory law contemplates situations in which security interests are given in vehicles by means of the certificate of title provisions and, if property is attached to a vehicle by a supplier-installer, the supplier-installer can perfect, by means of the U.C.C., a security interest in the item it has supplied or installed. *See, e.g.,* Iowa Code ·§ 554.9314(2) (1991) (providing for security interest in accessions); *Omaha Standard, Inc. v. Nissen,* 187 N.W.2d 721 (Iowa 1971) (doctrine of accession did not nullify supplier's reservation of title to truck body, hoist,

and accessories); *see generally* 2 G. Gilmore, *Security Interests in Personal Property,* § 31.1 at 837 (Little, Brown & Co. 1965). In such cases, the supplier-installer of the property maintains its interest in the property provided it has complied with all statutory requirements.

Likewise, courts seem to have little difficulty finding that a creditor perfecting its interest in property attached to a vehicle by means of certificate of title notation does not lose its interest in the attached property when it is separated from the vehicle. *See, e.g., Mack's Used Cars & Parts v. Tennessee Truck & Equip.,* 694 S.W.2d 323 (Tenn.Ct.App.1985) (security interest in truck by notation on certificate of title extended to wrecker assembly that was bolted to truck).

No case law, however, deals with the situation before the court now: a situation where a creditor has attempted but failed to perfect its interest in a cement truck by means of timely noting its interest on the title, but where the creditor did file a financing statement purporting to cover the truck and attachments.

This court holds that, pursuant to Iowa Code § 554.9302(3), a truck with equipment attached prior to sale, without retention of a separate interest in its parts (as in the case of a supplier-installer), is subject only to Iowa Code § 321.50 (certificate of title security interest notation provision). In arriving at this conclusion the court finds that the mixer is an integral part of the cement truck, which was registered under the Iowa certificate of title law.

Courts have used the following factors to determine whether a component has become an accession of the property to which it is attached:

1) whether the component was intended to be a permanent attachment;

2) the relative ease/difficulty in detaching the affixed property;

3) whether the act of detaching the affixed property would result in damage to the vehicle;

4) the manner and extent to which the property is affixed;

5) the relationship the affixed property bears to the property to which it is affixed; and

6) the degree to which the component is a standardized part, its interchangeability.

694 S.W.2d at 326 & n. 2.

(7) the purpose and use for which the annexation has been made and the relation and use of the party making it and whether the component and chassis are united in the prosecution of a common enterprise;

(8) whether the chattel is united to the materials of another and whether the combined materials form a joint product; and

(9) whether the components were annexed before delivery of the trucks to the debtor, and the debtor purchased the completed units from a single seller, granting a security interest in the assembled units.

*See* 694 S.W.2d at 326–27.

Applying these factors to the facts in this case indicates that the mixer body is an integral part of or an accession to the truck. It appears that the mixer body was intended to be a permanent attachment to the cement truck. *See Crown Concrete Co. v. Conkling,* 247 Iowa 609, 611, 75 N.W.2d 351, 352 (1956) (finding mixers mounted on trucks constitute a permanent, integral part of such trucks and as such were not subject to a separate personal property tax). It would also appear that it would take a fair amount of time and effort to separate the mixer from the vehicle. *Id.* (finding it would take two men a day and a half to remove a mixer from a cement truck). No evidence exists in the record to indicate whether separation would damage the vehicle, or the manner and extent to which the property is affixed. While it would also appear that the truck will run without the mixer body attached, it would no longer be a cement truck, the truck's *raison d'être.* To what degree the mixer body is a standard part is unknown and does not seem particularly probative. The "vehicle" and the mixer body are united in the prosecution of a common enterprise—mixing cement. *See Crown Concrete,* 247 Iowa at 611, 75 N.W.2d at 352; *In re Lyford,* 22 B.R. 222, 224 (Bankr. D.Me.1982) (log loader, jake brake, tag axle and truck were united in the prosecution of transporting logs). Finally, the intent of the parties can be gleaned from the fact that the mixer body was annexed before delivery of the truck to the debtor and the debtor purchased the cement truck as a complete unit. The "intent" here being the parties' intention to give a security interest in the cement truck *as a whole,* as opposed to the parties' general intention to enter into a security arrangement. *Cf. Omaha Standard,* 187 N.W.2d at 724 (the Iowa court does not explain which intent should be ascertained).

This case should be distinguished from the case of the supplier-installer. The supplier-installer of or a lender for a particular part of the whole as opposed to the whole still should resort to Iowa Code § 554.9314 (1991). The crucial factors in the case at hand are that the cement truck was sold to Aztec as a whole unit and the parties intended a security interest in the whole unit, which failed. For example, if Aztec bought a truck with Concord financing, then later bought a mixer with Concord financing and attached it to the truck, then a U.C.C. filing could perfect Concord's interest in the mixer.

The risk in holding that Concord's interest in the truck or the mixer is perfected might be to encourage "secret liens," a modern day equivalent to *Twyne's Case,* 3 Co.Rep. 806, 76 Eng.Rep. 809 (Star Chamber, 1601) (holding that retention of possession by seller of goods was a badge of fraud). The basic idea of perfection is that a secured creditor must do something to give effective public notice of its interest; otherwise the debtor may be given false credit and will be able to sell property to innocent purchasers or to induce other innocent persons to lend money on the strength of apparently unencumbered assets. *See* 1 G. Gilmore, *Security Interests in Personal Property,* § 14.1 at 438 (Little, Brown & Co. 1965). A creditor, albeit not the most diligent creditor, might have lent

Aztec money relying on the fact that no security interest was indicated on the truck's certificate of title. In measuring the value of the cement truck as security, it is likely such a creditor would have included the mixer body in its calculations as to the value of the whole cement truck. The fundamental question then in this case is whether credit risk would be easier or harder to calculate by virtue of this court's holding. This court believes its holding will make the calculation of credit risk more certain in this type of circumstance.

## ORDER

IT IS ACCORDINGLY ORDERED that Concord's motion for relief is denied.

IT IS FURTHER ORDERED that Concord's lien in the cement truck including the attached mixer is avoidable under the trustee's 11 U.S.C. § 549 powers in accordance with the opinion above.