**In re Abdallah H. NASR and Wedad H. Nasr, Debtors.**

**Eileen K. FIELD, Trustee, Plaintiff,**

**v.**

**FIFTH THIRD BANK and Abdallah H. Nasr and Wedad H. Nasr, Defendants.**

Bankruptcy No. 94–10830.
Adv. No. 94–1119.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Feb. 6, 1996.

Eric J. Barr, Middletown, OH, for Defendants Nasr.

Eileen K. Field, Trustee, Plaintiff, Cincinnati, OH.

John A. Schuh, Cincinnati, OH, for Fifth Third Bank.

## DECISION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

BURTON PERLMAN, Bankruptcy Judge.

The present adversary proceeding is related to the debtors' Chapter 7 bankruptcy case. The complaint asserts that the lien of defendant, Fifth Third Bank ("Bank"), on the defendant-debtors' vehicle should be avoided based upon a preferential transfer under 11 U.S.C. § 547(b), or a violation of the automatic stay under 11 U.S.C. § 362(a)(4). Accordingly, the plaintiff-trustee claims entitlement to turnover of the vehicle, under 11 U.S.C. § 542(a), from the debtors, free and clear of any security interest of the Bank.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(E), (F), and (K).

In her Complaint, the plaintiff alleges that the debtors purchased and took possession of an automobile between December of 1993 and January of 1994. At the time of the purchase, the debtors executed a note, security agreement, and purchase contract. The plaintiff alleges that the Hamilton County Clerk of Courts issued a certificate of title with a lien in favor of the Bank noted thereon, on March 16, 1994, more than ten days from the date which the debtors executed a security agreement in favor of the Bank. This lien recordation is alleged to be a preferential transfer under § 547(b). Further, the plaintiff alleges that the automatic stay was in effect from March 8, 1994, when the debtors filed their Chapter 7 petition, and as a result, the recordation of the lien subsequent to filing was a violation of the stay under § 362(a)(4).

The Bank has answered the Complaint by admitting that the debtors executed a note and security agreement in favor of the Bank on February 8, 1994. The Bank also admits that the certificate of title with the notation of the lien in favor of the Bank was issued on March 16, 1994. Further, the Bank acknowledges that the debtors filed their Chapter 7 petition on March 8, 1994, but deny that the recordation of the lien was a violation of the automatic stay. The debtors filed a separate answer to the plaintiff's complaint by which the debtors made substantially the same admissions and denials as the Bank.

Now before the Court are cross-motions for summary judgment filed by the parties. In connection therewith, they have filed a stipulation of facts as follows:

1. On February 28, 1994, Abdallah H. Nasr and Wedad H. Nasr (hereinafter "Debtors"), executed the "Simple Interest Note and Security Agreement" (hereinafter "Contract") a true copy of which is attached hereto as Exhibit A.

2. The Contract was executed in conjunction with the purchase of a 1989 Volkswagen, Model GGL, Hatchback, serial # 1VWFA9176KV010493 (hereinafter "Vehicle") from Tom Downs Motors, Inc., a Dayton, Ohio automobile dealer. This dealer is no longer in business and dealer records of the transaction are thus not available.

3. If called to testify, the Debtors would state that they took possession of the vehicle on February 28, 1994 and that in some respect the paperwork was not done correctly and the debtors believed that it apparently had something to do with the title which was supposed to be in Wedad Nasr's name as opposed to Abdallah Nasr's name.

4. On March 8, 1994, the debtors filed their petition for relief under 11 U.S.C. Ch. 7.

5. On March 14, 1994, Fifth Third Bank issued a draft which was processed on March 16, 1994 through which Fifth Third Bank transferred the sum of $5,841.70 to Tom Downs Motors, Inc. for which the contract was executed by the Debtors. A true copy of the draft is attached hereto as Exhibit B.

6. On March 16, 1994, a Certificate of Title to the Vehicle was issued transferring ownership from Tom Downs Motors, Inc. to Wedad H. Nasr, upon which the lien of Fifth Third Bank was noted on the same date. A true copy of the Certificate of Title is attached hereto as Exhibit C.

In its motion, the Bank seeks a dismissal of the complaint, arguing that plaintiff's contention that it had received a preferential transfer upon issuance of the title is not correct. The Bank argues that the notation of the lien on the title after the debtors filed their petition was not a preferential transfer. The Bank asserts that the rights which the trustee had in the vehicle at the time of the notation of the lien were solely executory in nature. The Bank argues that the trustee only succeeded to the "debtors' right to transfer of ownership in the vehicle but that right is subject to the assumption of the debtor's (sic) obligation to secure repayment of the contractual payments with a lien on the motor vehicle." (Bank's memorandum in chief, p. 4.)

The plaintiff filed a response and cross motion to the Bank's motion. In her response to defendants' motion and in support of her cross-motion, plaintiff argues that the notation of the lien on the title of the vehicle held by the debtors was a preferential transfer that is avoidable under 11 U.S.C. § 547(b). Specifically the plaintiff asserts that the debtors had an ownership interest in the vehicle as of February 28, 1994 when they signed the note and security agreement and took possession of the vehicle. Consequently, the plaintiff argues, the issuance of the title on March 16, 1994 with the lien noted thereon was a preferential transfer. The plaintiff also argues that she is entitled to turnover of the vehicle under § 542(a).

■ A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable in bankruptcy by Fed.R.Bankr.P. 7056. The moving party bears the burden of showing that there is no issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

1. Motion for Summary Judgment by Fifth Third Bank.

In its motion, the Bank argues that the trustee's rights in the collateral when the lien was recorded were not complete ownership rights, but merely executory rights. Essentially, as we understand it, the Bank's position is that the contract for the purchase of the vehicle is an executory contract because all that the trustee acquired was the right to assume the contract for purchase of the vehicle which carried with it an obligation to take

the vehicle subject to the lien of the Bank. The Bank bases its position on *In re Weaver*, 131 B.R. 804 (S.D.Ohio 1991). Plaintiff contends to the contrary that the debtors had ownership rights in the vehicle prior to the recording of the lien and the issuance of the title which were not executory and to which she succeeded. The plaintiff relies on *In re Edney*, 47 F.3d 1168 (full text not published) (6th Cir.1995) for the proposition that the debtors had an ownership interest in the vehicle upon obtaining possession and that as a result, the recordation of the lien was preferential transfer in violation of § 547(b).

In light of the arguments and evidence presented by both the plaintiff and the Bank, the Court has reached the conclusion that the Bank is not entitled to summary judgment. The Bank has not established, in accordance with the standard announced in *Celotex Corp. v. Catrett, supra,* that it is entitled to judgment as a matter of law.

■ The Bank's only argument is that no preferential transfer occurred because the rights of the trustee in the vehicle were executory in nature prior to the recordation of the lien. This argument is flawed for two reasons. First, contrary to the assertion of the Bank, the court in *In re Edney, supra,* did address the question of when a debtor has ownership rights in a vehicle. The court found that under either common law or Ohio statutory law, the debtor has an ownership interest in a vehicle prior to the issuance of the title. The court stated (p. 692):

> application of the common law rule would result in the conclusion that Edney's ownership interest necessarily existed before FMCC's security interest. We find no plausible argument that Ohio statutory law alters the common law rule. Chapter 1302 provides that the debtor obtains an ownership interest in collateral upon its delivery ... Under Chapter 1309, the debtor must have rights in the collateral before the creditor's security interest can attach.

In light of this language from *Edney,* the Bank's reliance upon *Weaver* for the proposition that the rights of the debtor prior to the issuance of the title were executory in nature is misplaced. *Edney* establishes that the debtors had an ownership interest in the vehicle prepetition by reason of possession and the trustee succeeded to that interest in the vehicle upon the filing of the bankruptcy. 11 U.S.C. § 541(a). Therefore, the Bank's argument, that the trustee had only an executory interest in the vehicle postpetition is incorrect.

■ Second, even assuming arguendo that we accepted the Bank's reasoning that the debtors did not have a "complete ownership" interest in the vehicle prior to the recordation of the lien, we cannot accept the proposition that the trustee's rights were executory at the time the lien was recorded. For a contract to be executory, the failure of either of the parties to complete performance under the contract must be a material breach of the contract. *In re Cardinal Industries,* 146 B.R. 720, 727 (Bankr.S.D.Ohio 1992). The Bank takes the position that it had a post-petition obligation to cause a certificate of title to issue in the name of the debtors, while the debtors had a postpetition obligation to cause a lien to be noted on the certificate of title. That is not a correct characterization respective obligations of the parties. The debtors are not charged with a duty to cause a lien to be recorded on the title. Under Ohio Revised Code, Section 4505.13(B), the creditor is the party who causes a lien to be recorded on the title. Section 4505.13(B) provides:

> The secured party, upon presentation of the security agreement to the clerk of the county in which the certificate of title was issued, together with the certificate of title and fee prescribed by section 4505.09 of the Revised Code, may have a notation of the security interest made.

Therefore, the contract was not executory because the debtors had completed their obligations when they signed the security agreement and note. They had no remaining obligation which, if unperformed, would have resulted in a material breach.

In light of the foregoing discussion, defendants' motion for summary judgment that the complaint be dismissed must be denied.

2. Cross Motion for Summary Judgment by Plaintiff.

In her motion, the plaintiff requests an order from the court canceling the lien of the Bank and requiring the debtors to turn over the vehicle to the estate. She bases her motion upon 11 U.S.C. § 547(b) and 11 U.S.C. § 542.

Section 547(b) empowers the trustee to avoid any transfer of an interest in property that meets the requirements of the section. One requirement is that the transfer be made "on or within 90 days before the date of the filing of the petition." 11 U.S.C. § 547(b)(4)(A). The stipulated facts indicate that the debtors filed their bankruptcy petition on March 8, 1994, and that the Hamilton County Clerk of Courts recorded the lien and issued the title for the vehicle on March 16, 1994. Since this lien was recorded after the petition date, there cannot be a preferential transfer under § 547(b).

Section § 542 provides:

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

(c) Except as provided in section 362(a)(7) of this title, an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.

(d) A life insurance company may transfer property of the estate or property of the debtor to such company in good faith, with the same effect with respect to such company as if the case under this title concerning the debtor had not been commenced, if such transfer is to pay a premium or to carry out a nonforfeiture insurance option, and is required to be made automatically, under a life insurance contract with such company that was entered into before the date of the filing of the petition and that is property of the estate.

(e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

The vehicle held by the debtors falls within the requirements of § 542 which justify turnover to the estate. The basis for this is that the Bank's lien is void as a violation of the automatic stay under § 362(a)(4). This section stays "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). Acts which violate the automatic stay are void. *In re Smith,* 876 F.2d 524, 526 (6th Cir.1989). Therefore, the lien is void because it was recorded eight days after the debtors filed their petition. *See also In re Aztec Concrete, Inc.,* 136 B.R. 535, 537 (Bankr.S.D.Iowa 1992).

Accordingly, plaintiff's cross-motion for summary judgment will be granted. The lien of the Bank is void, and the vehicle will be ordered turned over to the plaintiff.