**In re Aaron D. OWENS, Candice Owens, Debtors.**

**Frederick M. Luper, Chapter 7 Trustee, Plaintiff,**

**v.**

**United Bank, Inc., Defendant.**

**Bankruptcy No. 02–60065.**

**Adversary No. 02–2508.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

May 14, 2003.

Frederick M. Luper, Columbus, OH, for Plaintiff.

Richard A. Hayhurst, Parkersburg, WV, for Defendant.

J.B. O'Brien, Pomeroy, OH, for Debtors.

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter comes before the Court upon Plaintiff's Motion for Summary Judgment Against Defendant ("Motion"), Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment ("Memo Contra"), Affidavit of R.C. Mathews in Support of Memo Contra, Plaintiff's Reply to Defendants Memorandum in Opposition ("Reply"), and Memorandum of Law in Response to Plaintiff's Reply Memorandum ("Defendant's Reply").

## I. *STATEMENT OF JURISDICTION*

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This a core proceeding under 28 U.S.C. § 157(b)(2)(F).

## II. *FACTS*

Certain facts as alleged by Plaintiff and Defendant are undisputed. Those undisputed facts are as follows:

A. On April 25, 2002, a used 2001 Oldsmobile Alero automobile was purchased by the Debtors from Tom Peden Chevrolet–Olds–Pontiac– Buick Incorporated, a West Virginia dealer in new and used automobiles. (Mathews Affidavit, page 3.) At the time of the sale, the Debtors entered into a promissory note and security agreement with the dealer.

B. So far as alleged by the parties, the Debtors took possession of the automobile on the same date. (Mathews Affidavit, page 3.)

C. A master agreement existed between the Defendant and the dealer. (Mathews Affidavit, page 3). Assuming the customer meets the Defendant's credit and other lending policy standards, the promissory note and security interest taken by the dealer at the time of sale is transferred to the Defendant, and the Defendant buys the customer's obligations from the dealer. (Mathews Affidavit, page 2.) Pursuant to the master agreement, the dealer is responsible for securing impressment of the lien on the certificate of title. (Mathews Affidavit, pp. 2–3.) The dealer had a department devoted to such work.

D. The dealer did not effect proper perfection of the security interest until May 21, 2002. Ohio Revised Code §§ 4505.06(A)(4) and (A)(5)(a)(1) require the dealer to submit an application for a certificate of title and payment of the applicable tax to the appropriate Court of Common Pleas of the State of Ohio within seven (7) business days after the date of delivery of the motor vehicle to the customer. (Mathews Affidavit, page 4.)

E. The Debtors filed their petition under Chapter 7 on August 6, 2002. Their petition date was seventy-seven (77) days after the May 21, 2002 date. (Mathews Affidavit, page 4.)

F. On November 7, 2002, the Chapter 7 Trustee filed a complaint to avoid preferential transfer. Within the adversary proceeding complaint, the Trustee alleged that the notation of the lien upon the memorandum title for the automobile constituted a transfer for or on an account of an antecedent debt owed by the Debtors before the transfer was made. The Trustee further alleged that the notation of the lien was made within ninety (90) days before the petition date. Pursuant to 11 U.S.C. § 547, the Trustee alleged that the Defendant's lien constituted an avoidable transfer and that he could recover the transfer or its equivalent pursuant to 11 U.S.C. § 550. The Trustee also alleged that Defendant's lien, once avoided, should be preserved for the benefit of the estate.

G. Defendant answered the adversary complaint on December 19, 2002. Defendant alleged that it had a valid and perfected first priority lien against the automobile and that the impressment of the lien did not constitute a preference.

H. On February 14, 2003, the Trustee filed his Motion. In the Motion, Trustee contends that there are no issues of material fact and that all elements of 11 U.S.C. § 547(b) have been established.

I. Defendant contends that Trustee is not entitled to judgment as a matter of law. Defendant contends that the law of the State of Ohio provides a "catch-all period of thirty days within which a person must apply for a motor vehicle certificate of title following delivery of the motor vehicle to the customer." (Memo Contra, p. 2.) Defendant contends that since the lien was impressed upon the cer-tificate of title within the time prescribed by Ohio Revised Code § 4505.06(A)(5)(b), the lien should relate back to the date that the Debtors took possession.

## III. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, incorporated by Bankruptcy Rule 7056 provides:

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The purpose of a motion for summary judgment is to determine if genuine issues of material fact exist to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). The burden on the moving party is discharged by a "showing" that there is an absence of evidence to support a nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. Summary Judgment will be appropriate if the nonmoving party fails to establish the existence of an element essential to its case, and on which it will bear the burden of proof. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548. Thus, the ultimate burden of demonstrating the existence of genuine issues of material fact lies

with a nonmoving party. *Lashlee,* 570 F.2d at 110–111.

## IV. *DISCUSSION*

### A. Ohio Revised Code § 4505.06(A)(5)(b).

Ohio Revised Code § 4505.06(A)(5)(b) provides as follows:

(b) In all cases of transfer of a motor vehicle, the application for certificate of title shall be filed within thirty days after the assignment or delivery of the motor vehicle. If an application for a certificate of title is not filed within the period specified in division (A)(5)(b) of this section, the clerk shall collect a fee of five dollars for the issuance of the certificate, except that no such fee shall be required from a motor vehicle salvage dealer, as defined in division (A) of section 4738.01 of the Revised Code, who immediately surrenders the certificate of title for cancellation. The fee shall be in addition to all other fees established by this chapter, and shall be retained by the clerk. The registrar shall provide, on the certificate form prescribed by section 4505.07 of the Revised Code, language necessary to give evidence of the date on which the assignment or delivery of the motor vehicle was made.

### B. 11 U.S.C. § 547(b).

Section 547(b) of the United States Code provides, in pertinent part, as follows:

[T]he trustee may avoid any transfer of an interest of the debtor in property–

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made–

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if–

(A) this case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

### C. Application of O.R.C. § 4505.06(A)(5)(b) and 11 U.S.C. § 547(b)

■ The United States Supreme Court already has determined that Congress intended to establish a uniform federal perfection period immune to alteration by state laws permitting relation back. *Fidelity Financial Services, Inc. v. Fink,* 522 U.S. 211, 220, 118 S.Ct. 651, 656, 139 L.Ed.2d 571 (1998). The *Fidelity* case facts are very similar to the facts in this case. In *Fidelity,* the Supreme Court reviewed a Missouri case where the debtor had purchased an automobile and had given Fidelity Financial Services, Inc. a promissory note for the purchase, secured by the automobile. Twenty-one days later, Fidelity Financial Services, Inc. mailed its application to perfect its security interest. Two months later, the debtor filed her Chapter 7 petition. After the bankruptcy proceeding was converted to one under Chapter 13, the trustee moved to set aside the security interest because the security interest had not been perfected within twenty (20) days after the debtor had received the automobile. *Fidelity,* 522 U.S. at 213, 118 S.Ct. 651. Fidelity Financial

Services, Inc. argued that Missouri law allowed the lien to be treated as "perfected on the day of its creation because it delivered the papers within the 30 days allowed by the state law...." *Fidelity,* 522 U.S. at 214, 215, 118 S.Ct. 651. The Supreme Court upheld the bankruptcy court's decision to set aside the lien as a voidable preference, holding that Missouri's relation back provision could not extend § 547(c)(3)(B)'s twenty (20) day perfection period. The conclusion in this case cannot be different.

Section 547(b) empowers the trustee to avoid any transfer of an interest in property that meets the requirements of the section. *Field v. Fifth Third Bank (In re Nasr),* 191 B.R. 689, 693 (Bankr.S.D.Ohio 1996). In this case, it is undisputed that the Debtors took possession of the vehicle on or before April 25, 2002. *See, In re Nasr,* 191 B.R. at 692 (citing *In re Edney,* 47 F.3d 1168 (full text not published) (6th Cir.1995)). *See also Field v. Lebanon Citizens National Bank (In re Knee),* 254 B.R. 710, 712 (Bankr.S.D.Ohio 2000). It is also undisputed that Defendant's lien was not noted on the certificate of title until May 21, 2002. Said notation of lien on the certificate of title was made to or for the benefit of the Defendant while Debtors were presumed to have been insolvent. Said transfer was made within ninety (90) days of Debtor's bankruptcy petition, and it enabled the Defendant to receive more than it would have received if the transfer had not been made. Based upon the foregoing, the Court finds and concludes that all elements of 11 U.S.C. § 547(b) have been established by the Plaintiff and that Plaintiff is entitled to judgment as a matter of law.

## V. CONCLUSION

Based upon the foregoing, the Court hereby grants Plaintiff's Motion for Sum-mary Judgment Against Defendant. A judgment entry in accordance with this Opinion and Order on Plaintiff's Motion for Summary Judgment Against Defendant will be entered separately.

IT IS SO ORDERED.

### *JUDGMENT ENTRY*

In accordance with the Opinion and Order on Motion for Summary Judgment filed on this date and Rule 9021 of the Federal Rules of Bankruptcy Procedure, the Court hereby,

ORDERS that the notation of United Bank, Inc.'s lien upon the Memorandum Title to the 2001 Oldsmobile Alero, VIN # 1G3NL52T61C105899 shall be avoided pursuant to 11 U.S.C. § 547(b). Further, the Court hereby,

ORDERS that the lien shall be preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

IT IS SO ORDERED.