**In re Robert L. PHILLIPS, Debtor.**

**BANK ONE, DAYTON, N.A., Applicant,**

v.

**E. Hanlin BAVELY, Trustee, Respondent.**

**Bankruptcy No. 1-89-00581.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 28, 1989.

Gregory P. Garner, Dayton, Ohio, for applicant, Bank One of Dayton, N.A. Legal Dept.

E. Hanlin Bavely, Cincinnati, Ohio, trustee/respondent.

Jules K. Friedman, Cincinnati, Ohio, for debtor.

Charles Caldwell, Cincinnati, Ohio, Asst. U.S. Trustee.

## DECISION DENYING ABANDONMENT OF AUTOMOBILE and AVOIDING LIEN THEREON

BURTON PERLMAN, Chief Judge.

Now before us is a matter in which the trustee seeks to avoid as a preference the security interest granted to Bank One, Dayton, N.A. (Bank) in Robert L. Phillips' (debtor's) automobile. The parties have submitted the issue of the validity of Bank's lien for a determination on the merits by the court. This matter is before the court on Bank's request for the trustee to abandon the automobile, trustee's objection to the proposed abandonment, joint stipulations and various memoranda of the parties. The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference in this judicial district. This is a core proceeding which the court is empowered to hear and

an ICC reasonableness determination actually will be binding upon a federal court.

determine in accordance with 28 U.S.C. §§ 157(b)(2)(E), (F) and (K).

We make the following findings of fact based upon the stipulation of the parties. On January 11, 1989, Bank financed debtor's purchase of a 1984 Chrysler Fifth Avenue automobile. On that date, debtor signed a promissory note and a security agreement, and took possession of the automobile. Bank's security interest was noted and perfected on the car's certificate of title on January 27, 1989. The debtor filed for bankruptcy on February 16, 1989. Bank filed a Notice of Proposed Abandonment on April 10, 1989, which was objected to by the trustee, E. Hanlin Bavely.

In addition to the above stipulated facts, we find that the certificate of title for the vehicle was issued on January 27, 1989. In Bank's Notice of Proposed Abandonment, Bank alleged that it was owed $8,410.02 and that the automobile securing its loan was worth between $4,600.00 and $5,600.00. Trustee timely filed an objection to the proposed abandonment, contending that the Bank was an unsecured creditor because it had perfected its security interest within 90 days of the filing of the bankruptcy petition. The trustee further contends that the transfer was not a "substantially contemporaneous exchange for new value" and not an "enabling loan" and thus not shielded from the preference provisions of 11 U.S.C. § 547.

The preference statute, 11 U.S.C. § 547(b), provides that a trustee may avoid a transfer of an interest of the debtor in property when the transfer was:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The preference statute provides certain exceptions to the right of a trustee to avoid a preference at § 547(c) which, to the extent here possibly relevant, are:

(1) to the extent that such transfer was

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

\* \* \* \* \* \*

(3) that creates a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is perfected on or before 10 days after the debtor receives possession of such property;

\* \* \* \* \* \*

Also relevant here are the following parts of § 547.

\* \* \* \* \* \*

(e)(1)(3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

(f) For the purposes of this section, the debtor is presumed to have been in-

solvent on and during the 90 days immediately preceding the date of the filing of the petition.

(g) For the purposes of this section, the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section, and the creditor or party in interest against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c) of this section.

In analyzing the situation before us, it is necessary first to determine when the transfer in question was made. This is a matter to be determined by the provisions of § 547(e) and this involves the application of state law. Section 547(e)(3) provides that a transfer is not made until the debtor has acquired rights in the property transferred. For this to have occurred, the law of Ohio at O.R.C. 4505.04 requires that a certificate of title be issued. The instant transfer therefore occurred on January 27, 1989. This transfer was for the benefit of Bank, was on account of the antecedent debt which was incurred on January 11, 1989, was made within 90 days of the February 16, 1989 bankruptcy petition filing, and enabled Bank to gain a secured position, entitling it to receive a better dividend than if the transfer had not occurred and the debtor's estate was liquidated under Chapter 7 of the Bankruptcy Code. The final requirement, that the transfer was made while the debtor is insolvent, is met because of the presumption of insolvency, here unrebutted, which is created by § 547(f).

Bank contends that the exception to be found at § 547(c)(1) should be applied here. That is the contemporaneous exchange exception. That provision, however, cannot help Bank, for the law is settled in this Circuit that perfection of a security interest in an automobile more than ten days after the debt was created cannot come within the § 547(c)(1) exception. *In re Arnett*, 731 F.2d 358 (6th Cir.1984). At p. 363, the court said:

Although this case does not involve an "enabling loan", we are also persuaded that expansion of section 547(c)(1)'s reference to contemporaneity beyond 10 days in the context of transfers of security interests is erroneous. The particular problems posed by the delay between creation and perfection of security interests were well recognized by Congress. One of the principal purposes of the Bankruptcy Reform Act is to discourage the creation of "secret liens" by invalidating all transfers occurring within 90 days prior to the filing of the petitions. Thus, creditors are discouraged from waiting until the debtor's financial troubles become all-too-manifest before recording security interests. Section 547(e)(2)(A) and (B) reflect this concern by providing that a transfer of a security interest relates back to the date of the underlying transaction if perfection occurs no more than 10 days afterwards; if perfection occurs more than 10 days later, the transfer is deemed to occur at the date of perfection.

\*     \*     \*     \*     \*     \*

We observe, however, that the view expressed by the majority in *Arnett*, while supported by legislative history, leaves out of the picture the fact that the time for issuance of a Certificate of Title is not in the control of the secured creditor. That creditor finds itself at the mercy of an administrative official who has no stake in issuance of a Certificate of Title within the ten-day period. Were we writing on a clean slate, we would follow the path of the dissent in *Arnett*, which said (p. 365):

... Whether a transaction is "substantially contemporaneous" contemplates factors other than a ten day limitation, it calls for consideration of the intention of the parties and other surrounding circumstances, including the equities of the particular case.

\*     \*     \*     \*     \*     \*

We are not, however, free to take this path, but are bound by the majority decision. The January 27, 1989 transfer was therefore not "substantially contemporaneous" with the creation of debt and transfer of possession which occurred on January 11, 1989.

The Bank also argues that its transaction is excepted from avoidance as a preference because of 11 U.S.C. § 547(c)(3) which allows a ten-day grace period for perfection of a security interest. In support of this contention, Bank says that perfection occurred at the same time as execution of the security agreement, signing of the title application, and other documents incident to the car purchase, and delivery of them to the dealer. Bank says that at that time perfection occurred, for then "a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee", quoting § 547(e)(1)(B). In this, however, Bank is mistaken. O.R.C. § 4505.13 provides that security interests covering automobiles are perfected against judicial lienholders only when the certificate of title bears a record of the lien. See, e.g., *Ledford v. Society Bank*, 51 B.R. 482, 484 (Bankr.S.D.Ohio 1985). Thus, the Bank's security interest was not perfected until January 27, 1989, when the Certificate of Title was issued upon which Bank's interest was noted. Accordingly, the safe harbor of 11 U.S.C. § 547(c)(3) is not available to shield the instant transfer.

Recalling that it is an application for abandonment that gives rise to the present controversy, we note that 11 U.S.C. § 554 provides that property of the estate that is of inconsequential value to the estate may be abandoned by the trustee. Our discussion above leads to the conclusion that the automobile in question is unencumbered by Bank's security interest. It therefore cannot be said that it is not of significant value to the estate. Trustee's objection to abandonment is therefore sustained.

So Ordered.