**In the Matter of UNIVERSAL HOTEL, INC. d/b/a La Ceiba Resort & Casino, Debtor.**

**Bankruptcy No. 90–04580 (SEK).**

United States Bankruptcy Court, D. Puerto Rico.

April 2, 1991.

María Luisa Contreras, Independent Fiduciary of Pension Fund Teamster's Union, San Juan, P.R.

Richard A. Lee, San Juan, P.R., for Trustee, Diego Ferrer.

## OPINION AND ORDER

SARA E. de JESUS, Bankruptcy Judge.

María Luisa Contreras, Esq. as an Independent Fiduciary, appointed by the U.S. District Court for the District of Puerto Rico to protect the interests of the Pension Fund of the Teamster's Union, filed a Motion Requesting Order (docket entry 29). The gist of this request is that Movant needs an order authorizing a Motion for Abandonment filed by the Trustee so it may continue with the procedures pending in the Courts of the Commonwealth of Puerto Rico.

The file shows the Trustee filed a Motion for Abandonment of Property and Other Relief on January 31, 1991 (docket entry 25). He certified notice of this Motion to the U.S. Trustee and to counsel for the Debtor. On February 6, 1991, the Trustee also certified that a true and correct copy of this Motion, without its exhibits, was mailed to all creditors and parties in interest as appears from the attached list. Furthermore, a certificate from the Clerk of

Court shows the Motion for Abandonment has not been opposed.[1]

11 U.S.C. Section 554 and Bankruptcy Rule 6007 govern the abandonment or disposition of property of an estate. Specifically, Bankruptcy Rule 6007(a) states: "Unless otherwise directed by the court the trustee or debtor in possession shall give *notice* of a proposed abandonment or disposition of property to all creditors, indenture trustees and committees appointed or elected pursuant to the Code. An objection may be filed and served within 15 days of mailing of the notice, or within the time fixed by the court." (our emphasis)[2] This procedure complements Code Section 554(a) which also speaks to the authority of the trustee to abandon, after notice and a hearing, property of an estate that is burdensome or of inconsequential value.[3]

A *motion* of abandonment according to the cited Rule, should be filed when a party in interest requires the trustee or debtor in possession to abandon property under 11 U.S.C. 554(b). Under these circumstances, 11 U.S.C. 554(b) calls for the court to enter an order granting or denying the abandonment.

Lastly, Bankruptcy Rule 6007(c) states that a hearing shall be set only if a timely objection is made as prescribed by subdivision (a), or if a motion is filed as required by subdivision (b).[4]

The difference between a notice of abandonment and the motion for abandonment contemplated in Bankruptcy Rule 6007 goes to the very root of the 1978 amendments to the U.S. Bankruptcy Act, now known as the U.S. Bankruptcy Code.[5] The U.S. Bankruptcy Code seeks to remove U.S. Bankruptcy Judges from administrative functions which take place in bankruptcy cases. To accomplish this goal, Congress gave the U.S. Trustee, the bankruptcy trustees and debtors in possession certain powers over the administration of matters which may arise in a bankruptcy case, which must nevertheless be notified when exercised.[6] Both Code Section 554 and Bankruptcy Rule 6007 recognize the distinction between administrative and adjudicative functions. This difference is noted by the choice of the word "notice" in B.R. 6007(a), and the use of the word "motion" in B.R. 6007(b). A trustee exercises his powers of administrating the case when he files a request for abandonment as a *notice* as opposed to a *motion*.[7] After he

1. The electronic docket system is out of order, so the Clerk of Court has filed a Certificate, indicating that a search conducted has shown the request for abandonment has not been opposed. This Certificate also contains the official Master List as of February 6, 1991, date when the Trustee notifies the abandonment.

2. There is no indenture trustee, the U.S. Trustee has not appointed a creditor's committee and no committee has been elected in this case.

3. "Although the requirement of notice in Rule 6007 and of 'notice and a hearing' contained in Section 554 may seem to suggest close judicial involvement in the process of abandonment, notice and a hearing under the Code continue to be discretionary because of the construction in Section 102(1) ...". 4 *Collier on Bankruptcy* Section 554.02[4] (15th ed.); 8 *Collier on Bankruptcy*, Section 6007.01 (15th ed.); See also 11 U.S.C. Section 102(1)(A), (B).

4. 8 *Collier on Bankruptcy*, Section 6007.05 (15th ed.)

5. "Subdivision (a) requires the notices to be sent to all creditors, indenture trustees, and committees elected under Section 705 or appointed under Section 1102 of the Code. This may

appear burdensome, expensive and inefficient but the section is in keeping with the Code's requirements for notice and the Code's intent to remove the bankruptcy judge from undisputed matters." *Norton Bankruptcy Rules,* Advisory Committee Note (1983) p. 348 (1990–1991 ed.).

6. "... the bankruptcy judge, because of the duties imposed upon him under The Bankruptcy Act, must take an active role in supervising and administering a bankruptcy case.... The bill [which became the U.S. Bankruptcy Code] removes many of the supervisory functions from the judge in the first instance, transfers most of them to the trustee and the United States trustee, and involves the judge only when a dispute arises." H.R.Rep. No. 95–595, 95th Cong., 1st Session, 4 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5965–5966 reprinted in Bkr–L Ed, Legislative History, Section 82:1 at 10.

7. "No court order is necessary or appropriate to authorize the proposed abandonment or disposition of property if appropriate notice is given and an opportunity for a hearing is allowed...." *Norton Bankruptcy Rules,* Advisory Committee Note (1983) p. 349 (1990–1991 ed.);

gives due notice, if his administrative power of abandonment is contested, the Court's power to settle cases and controversies is invoked, and when properly invoked, the contested request for abandonment may be adjudicated through the procedure set forth in Bankruptcy Rule 6007(c).[8]

Wherefore, the Court considers the Trustee's "Motion for Abandonment of Property and other Relief" as a notice of abandonment filed pursuant to 11 U.S.C. 554(a) and Bankruptcy Rule 6007(a). There is *prima facie* evidence on file which shows it was notified and has not been opposed. Hence, Ms. Contreras' request for an order approving said abandonment is denied.

*In re Peninsula Roofing & Sheet Metal, Inc.,* 9 B.R. 257, 259–260 (Bkrtcy. WD Michigan, 1981); *Cf. In re Wideman,* 84 B.R. 97, 18 CBC 2d 650, 652 *et seq.* (Bkrtcy. WD Tx. 1988); *Matter of Trim–X, Inc.,* 695 F.2d 296, 7 CBC 2d 955, 960–961 (7th Cir.1982); 4 *Collier On Bankruptcy,* Section 554.02[4] (15th ed.).

8. "If the trustee voluntarily wishes to abandon property under Code section 554, or dispose of property pursuant to Code section 725, no hearing is required if appropriate notice is given and an opportunity for a hearing is allowed and a hearing is not requested by a party in interest...." *Norton Bankruptcy Rules,* Advisory Committee Note (1983) p. 350 (1990–1991 ed.).