**In re Paul P. PETREWSKY, Debtor.**

**E. Hanlin BAVELY, Trustee, Plaintiff,**

**v.**

**Paul P. PETREWSKY,
et al., Defendants.**

**Bankruptcy No. 1–91–05988.
Adv. No. 1–92–0099.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 13, 1992.

E. Hanlin Bavely, Cincinnati, Ohio, for the plaintiff/trustee.

Charles H. Tobias, Jr., Cincinnati, Ohio, for GMAC.

Stephen Meiser, Daniel Atwood, Cincinnati, Ohio, for debtor/defendants.

Charles Caldwell, Asst. U.S. Trustee, Cincinnati, Ohio.

DECISION

BURTON PERLMAN, Chief Judge.

In the complaint in this proceeding the trustee seeks, pursuant to § 547(b), to avoid as a preferential transfer the security interest granted to General Motors Acceptance Corporation ("GMAC") in an automobile formerly owned by debtor Paul P. Petrewsky. The automobile has been sold by agreement of the parties. Plaintiff/trustee seeks turnover of the proceeds of sale. The parties have agreed to submit this matter for the court's determination based on a fact stipulation and memoranda of law. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. §§ 157(b)(2)(A), (F) and (K).

The facts, to which the parties stipulated, are as follows. On August 27, 1991, debtor entered into a contract with McCluskey Chevrolet, Inc. ("McCluskey Chevrolet") to purchase a 1991 automobile. On the same day, debtor signed a promissory note and security agreement pursuant to which he

agreed to borrow from GMAC the sum of $15,453.55 repayable with interest in sixty monthly payments of $353.11; debtor also took possession of the vehicle on that date. The note and security agreement provided that the amount borrowed would be paid to others on behalf of debtor, and further provided that a condition of the loan was that debtor would give a security interest to GMAC in the vehicle. On September 3, 1991, the aforementioned sum of $15,453.55 was advanced by GMAC to McCluskey Chevrolet. On September 9, 1991, an Ohio certificate of title to the vehicle was issued in debtor's name, and the security interest of GMAC was duly noted on the title. Debtor filed his chapter 7 petition on October 7, 1991. The debtor made no payments according to the terms of the promissory note, and the vehicle was repossessed by GMAC on March 19, 1992. On June 11, 1992, the vehicle was sold at a public auction for $9,322.30. These proceeds are being held in escrow pending the disposition of this matter. The parties also stipulated that debtor was insolvent during all of the times specified in their stipulation.[1]

In the present matter, the question to be decided is whether the creation of the security interest in favor of GMAC gives rise to an avoidable preference. The trustee contends simply that the present matter is controlled by Sixth Circuit precedent as set forth in *In re Arnett*, 731 F.2d 358 (6th Cir.1984), and a case decided by this court, *In re Phillips*, 103 B.R. 893 (Bankr. S.D.Ohio 1989). The trustee argues that both *Arnett* and *Phillips* involved the trustee's avoidance of a security interest held by a creditor who failed to perfect its interest in an automobile within ten days of the execution of the promissory note and security agreement, and thus the avoidance of the transfer, which met the five preference requirements of § 547(b), could not be defeated by the contemporaneous exchange exception of § 547(c)(1).[2] The trustee notes that this court in *Phillips* followed *Arnett* in holding that the ten-day rule relating to the perfection of a security in-

1. The preference statute, 11 U.S.C. § 547(b), provides that a trustee may avoid a transfer of an interest of the debtor in property when the transfer was:

    (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made—

      (A) on or within 90 days before the date of the filing of the petition; or

      (B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5) that enables such creditor to receive more than such creditor to receive if—

      (A) the case were a case under chapter 7 of this title;

      (B) such creditor received payment of such debt to the extent provided by the provisions of this title.

The preference statute also provides certain exceptions to the right of a trustee to avoid a preference at § 547(c), which, in relevant part, are:

    (1) to the extent that such transfer was

      (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

      (B) in fact a substantially contemporaneous exchange;

    (3) that creates a security interest in property acquired by the debtor—

      (A) to the extent such security interest secures new value that was—

      (i) given at or after the signing of a security agreement that contains a description of such property as collateral;

      (ii) given by or on behalf of the secured party under such agreement;

      (iii) given to enable the debtor to acquire such property; and

      (iv) in fact used by the debtor to acquire such property; and

      (B) that is perfected on or before 10 days after the debtor receives possession of such property;

Also relevant here are the following subsections of § 547:

    (e)(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—

      (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

      (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days;

    (3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.

2. The term "perfect" refers to recording a security interest pursuant to § 547(e).

terest in purchase money secured transactions also applied to non-purchase money secured transactions. The trustee quotes our statement in *Phillips* that "the law is settled in this circuit that perfection of a security interest in an automobile more than ten days after the debt was created cannot come within the § 547(c)(1) exception." *Phillips*, 103 B.R. at 895 (citing *Arnett*, 731 F.2d at 363). Applying this rule in the instant case, asserts the trustee, should lead to the same result as in *Arnett* and *Phillips* since the perfection of the GMAC security interest occurred on September 9, 1991, more than ten days after the creation of the debt, which occurred upon debtor's entering into the purchase contract and signing of the promissory note and security agreement with GMAC.

GMAC, for its part, contends that its security interest was not created for or on account of an antecedent debt pursuant to § 547(b)(2), and assuming *arguendo* that it was, the security interest nonetheless is protected from avoidance as a substantially contemporaneous exchange under § 547(c)(1). GMAC argues that with respect to the relevant issues in this matter, that *Arnett* has been narrowed by a subsequent Sixth Circuit decision, *In re Pitman*, 843 F.2d 235 (6th Cir.1988), and that *Pitman* rather than *Arnett* controls this matter. In *Pitman*, the Sixth Circuit considered the question of whether the trustee could avoid as a preference a debtor-home buyer's mortgage deed given a month before bankruptcy as security for payment of the purchase price of the home. *Pitman*, 843 F.2d at 237. The contract for sale in *Pitman* provided that the seller deliver a warranty deed in exchange for the buyer's delivery of the mortgage deed and a promissory note. *Id.* The seller accepted the buyer's offer on September 14, 1984, and waited until October 16, 1984 to have both the deed and the mortgage recorded. *Id.* at 238. The *Pitman* court held that there was no preference since the perfection of

the mortgage and the transfer of the warranty deed were accomplished on the same date. The court reasoned that pursuant to 547(e)(3), the debtor could not have transferred the property until he acquired rights in the property through a transfer of clear title to him. *Id.* at 241. Similarly, the seller was the recipient of a transfer of benefit only upon the recording of its security interest. The court relied on Kentucky law, the common law of mortgages and "normal principles of contract law" in determining that the duty under the contract of sale to transfer the mortgage was conditional upon the receipt of clear title via the warranty deed. *Id.* at 239–40.

GMAC asserts that *Pitman* is controlling authority in the present case. GMAC contends that, as in *Pitman* and pursuant to § 547(e)(3), debtor here did not acquire rights in the property until the certificate of title was issued in his name on September 9, 1991, pursuant to Ohio Revised Code ("ORC") § 4505.–04.[3] GMAC thus reasons that debtor conveyed a security interest to it on September 9, 1991, when the certificate of title was issued. GMAC then argues that the debt to it was also created on September 9, 1991, since the obligation of the debtor to pay was conditional upon his receipt of the title as well as possession of the vehicle, just as the obligation of the debtor to pay in *Pitman* was conditional upon the transfer to him of the title to the home. GMAC concludes that in the instant case, the transfer of the title to debtor and the transfer by debtor of the security interest were accomplished simultaneously on September 9, 1991, the date of the issuance of the certificate of title and the recording of GMAC's lien thereon. Thus, the recording of its lien, GMAC argues, is not preferential since there is no antecedent debt.

We have, as requested by GMAC, reconsidered our holding in *Phillips* in light of *Pitman*. We disagree with GMAC that *Pitman* controls the present case and now reaffirm our holding in *Phillips*. In *Pit-*

---

**3.** This section provides: (A) No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until such person has had issued to him a certificate of title to the motor vehicle, or delivered to him a manufacturer's or importer's certificate for it[.] ...

*man,* the Sixth Circuit relied, *inter alia,* on Kentucky law relating to land contracts in determining that the transfer of the mortgage deed and title, and therefore the creation of debt and transfer of benefit, occurred simultaneously. By contrast, the present case, as did *Phillips,* involves interpreting Ohio law relating to the creation of liens on automobiles. In fact, the Sixth Circuit in *Pitman* expressly distinguished that case from *Arnett,* and ruled that its holding in *Arnett* relating to the ten day rule for non-purchase money security interests under § 547(c)(1) remained unchanged. *In re Pitman,* 843 F.2d at 241 n. 2.

Accordingly, our ruling in *Phillips,* in which we applied *Arnett*'s ten-day rule to a fact situation not distinguishable from the present one, must be upheld. As in *Phillips,* the transfer of benefit occurred upon the notation of GMAC's lien on the certificate of title, which was issued in this case on September 9, 1991. We find as a fact that debtor's obligation to pay for the vehicle originated on August 27, 1991, the date upon which the promissory note and security agreement were executed. We reject the assertion by GMAC that the debt originated on September 3, 1991, six days before the lien was recorded, when GMAC advanced the purchase price of the vehicle to McCluskey Chevrolet. There is nothing in this record to show that the obligation of debtor to pay his note was conditioned on that advance. The debt was thus antecedent to the transfer.

Finally, the contemporaneous exchange exception of § 547(c)(1) can provide no help to GMAC, since pursuant to § 547(e)(2), GMAC's lien was not perfected until September 9, more than ten days after the debt was incurred. We therefore follow our holding in *Phillips* and hold here that the lien of GMAC is an avoidable preferential transfer. The relief sought by plaintiff/trustee, avoidance of the lien of GMAC, will be granted.