In re W. Edward THOMPSON, et al.

Civil Action No. 93–2611 (HHG).

United States District Court,
District of Columbia.

Nov. 29, 1994.

W. Edward Thompson, Anderson & O'Bryant, P.C., Washington, DC, pro se.

Dennis Francis Nee, Libby, Nee & O'Reilly, Washington, DC, for Edward Greensfelder.

### *MEMORANDUM*

HAROLD H. GREENE, District Judge.

This is an appeal from a decision of the Bankruptcy Court. Essentially, two issues need to be decided: (1) whether the Bankruptcy Court had jurisdiction where the Trustee filed a notice of abandonment of property to which no creditor objected before the deadline; and (2) whether the Bankruptcy Court had power to permit potential parties in interest to file late proofs of claim.

In October 1989, the Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code, their case being subsequently converted to a case under Chapter 7. In April 1991, the Trustee, Nelson J. Kline, filed a notice to compromise the claims

against the Debtors, and in September of 1992, Kline filed a Notice of Intention to Abandon Property, seeking to abandon all of the Debtors' real property, personal property, and any and all claims. In response, Sandy Lee and Edwin Harvey, former employees and partners of the Debtors, objected, referring to an action in which the D.C. Superior Court had entered a judgment in favor of Thompson against Lee and Harvey.[1] It was their purpose to have the proceeds from that litigation included in the estate distributed to the Debtors' creditors.[2]

Following a hearing, the Bankruptcy Court held that Lee and Harvey were parties in interest with standing to file late claims; it sustained their objections, and denied the Trustee's Notice of Abandonment. Debtor Thompson has appealed.

■ Relying on B.R.Rule 6007(a) and (c), the Debtor contends that the Bankruptcy Court did not have jurisdiction to prevent the Trustee from abandoning the property because no creditor had filed an objection to either the initial Notice of Abandonment filed April 17, 1991 or the second notice filed September 17, 1992. That argument neglects to take into account, however, that Lee and Harvey filed an objection to the second Notice to Abandon, and that they did so well within the time limits, that is, within seven days of the filing of the notice, on September 24, 1992. Exh. 3. The Debtors' reliance on *In the Matter of Universal Hotel,* 126 B.R. 6 (Bankr.D.Puerto Rico 1991), is therefore misplaced, for that case held only that a Trustee's motion for abandonment does not invoke the court's jurisdiction absent objections, and the Trustee therefore is not entitled to an order approving the abandonment. Here, as noted, there were objections.

■ Moreover, the Debtors misconceives the thrust of Rule 6007. Subsection (a) of that Rule does not limit the power to object to a creditor; it provides that "a party in interest" may object, and such objection triggers the hearing provisions. Clearly, whatever else they may have been, Lee and Harvey were parties in interest. Indeed, a debtor's possessory interest coupled with even a minute ownership interest is sufficient to generate the Bankruptcy Court's jurisdiction, at least preliminarily, over the entire estate. *See Missouri v. United States Bankruptcy Court,* 647 F.2d 768, 774 (8th Cir.1981), *cert. denied,* 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982); 4 Collier on Bankruptcy ¶ 541.08[2] note c (15th ed. 1979).

■ Finally, on the jurisdictional question, it is established that the Bankruptcy Court has dispositive jurisdiction over core matters, 28 U.S.C. § 157(b)(1), and that proceedings surrounding abandonment are core matters. *In re Tollman–Hundley Dalton, L.P.,* 162 B.R. 26, 27 (Bankr.N.D.Ga.1993); *Wachovia Bank of Georgia, N.A. v. Apex Tech of Georgia, Inc.,* 144 B.R. 649, 655 (S.D.N.Y.1992); *In re Phillips,* 103 B.R. 893 (Bankr.S.D.Ohio 1989). It follows that the Bankruptcy Court's jurisdiction to take the action it did is patent.

■ The next question to be decided is whether the Bankruptcy Court erred in permitting Lee and Harvey to file late claims against the estate, and whether these individuals had standing to object to the Trustee's Notice of Abandonment. Under the Rules, the Court may extend the bar date for late claims for "cause shown." Bankruptcy Rule 3003(c)(3); *In re South Atlantic Financial Corp.,* 767 F.2d 814, 817 (11th Cir.1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986).[3] Thus, the issue is whether the Bankruptcy Court was justified in finding that good cause had been shown.

The Bankruptcy Judge found in its order of April 13, 1993 that the Trustee's Notice of Intent to Compromise Claims of April 19, 1991 was limited to the claims against Thompson and Woodard, and that it did not address the estate's claims against Lee and

---

1. That judgment was appealed to the D.C. Court of Appeals and is pending.

2. One Leon Faulkner also filed a general objection to the Trustee's Notice to Abandon.

3. The movant must show that failure to timely perform the required duty was due to circumstances which were beyond the reasonable control of the person involved. *In re South Atlantic Financial Corp., supra. See also,* Rule 9006(b).

Harvey.[4] For this reason, it was the court's conclusion that its previous notice "accomplished a settlement of matters other than the question of who would retain the right to sue Messrs. Lee and Harvey ... [and to] the extent the settlement was broader and included abandonment of the suit against Messrs. Lee and Harvey, the notice ... was inadequate to appraise creditors." Exh. 6. This finding and the consequences flowing therefrom were clearly within the appropriate jurisdiction of the Bankruptcy Court, and they cannot be regarded as error, let alone an abuse of discretion. *Logan v. Dayton Hudson Corp.,* 865 F.2d 789 (6th Cir.1989); *see also, Morris v. Slappy,* 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983); *United States v. Dockery,* 955 F.2d 50, 54 (D.C.Cir.1992).[5]

This Court concludes that the Bankruptcy Court did not err, and the decision of that court is accordingly affirmed and this appeal is dismissed.

---

4. These claims had not yet been reduced to money in Thompson's hands.

5. *In re Bryson,* 53 B.R. 3 (Bank.M.D.Tenn.1985), upon which the Debtor relies to the contrary, the court merely held that abandonment may not be deemed reversible simply because of a subsequent discovery that the property had greater value than previously believed. That, again, is not this case.