**In re Yolanda LOPEZ, Debtor.**

**Richard Baumgart, Trustee, Plaintiff,**

v.

**Farmers National Bank of Canfield, Defendant.**

**Bankruptcy No. 01–10382.
Adversary No. 01–1141.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Aug. 6, 2001.

Robert D. Barr, Dettelbach, Sicherman & Baumgart, Cleveland, Ohio, for plaintiff.

Gary J. Rosati, Canfield, Ohio, for Farmers National Bank of Canfield.

William J. Telzrow, III, Cleveland, Ohio, for Farmers National Bank.

James M. Brutz, Warren, Ohio, for Greenwood Chevrolet, Inc.

Susan M. Gray, Rocky River, Ohio, for Yolanda Lopez.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The matter before the Court is the Motion for Summary Judgment ("Motion") filed by the Chapter 7 Trustee, Richard Baumgart ("Trustee"). Therein, the Plaintiffs seeks to avoid an allegedly preferential transfer from the Debtor, Yolanda Lopez ("Debtor") to the Defendant, Farmers National Bank of Canfield ("FNB"). The Defendant filed a brief in opposition to the Motion.

The Court acquires core matter jurisdiction over these proceedings, pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. Following a duly noticed hearing on the Motion, the Court makes the following findings and conclusions:

On November 18, 2000, the Debtor entered an agreement to purchase a 1996 Chevrolet Cavalier, and granted a security interest in that vehicle to FNB. The Debtor acquired possession of the car on that same day. On January 2, 2001, FNB had its security interest on the title to the vehicle noted by the Clerk of the Common Pleas Court. The Debtor petitioned this Court for relief under Chapter 7 of the Bankruptcy Code on January 17, 2001.

The Trustee filed the within adversary proceeding on March 19, 2001, alleging that the Debtor's granting of a security interest to FNB constituted an avoidable preferential transfer pursuant to § 547(b) of the Bankruptcy Code. FNB filed an Answer, generally denying those allegations. The Trustee now moves for summary judgment, contending that he can prove the elements of § 547(b) and that no defense under § 547(c) is available to FNB. In its Reply, FNB acknowledges that the Trustee can establish all necessary elements of § 547(b), but argues that it is entitled to the avoidance exception under § 547(c)(1).

Summary judgment is proper if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it would affect the determination of the underlying action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Tennessee Dep't of Mental Health & Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996). An issue of material fact is genuine where a rational fact-finder could find in favor of either party on the issue. *Anderson, supra*, at 248–249, 106 S.Ct. 2505; *Structurlite Plastics Corp. v. Griffith (In re Griffith)*, 224 B.R. 27 (6th Cir. BAP 1998). In a motion for summary judgment, the initial burden is on the movant to establish an absence of evidence to support the nonmoving party's case. *Celotex, supra*, at 322; *Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 198 (6th Cir. BAP1998). The burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Herein, the parties agree that there is no genuine issue of any material fact, and that the Trustee can prove his case under § 547(b). The sole issue, then, is whether FNB can properly assert any defense under § 547(c). Section 547(c)(3) provides an exception to § 547(b) avoidance for purchase money security interests, or enabling loans, such as that which FNB granted the Debtor. Under the present facts, however, FNB acknowledges that it fails to satisfy the requirement under subsection (c)(3)(B), which requires that the security interest be "perfected on or be-

fore 20 days after the debtor receives possession of such property." 11 U.S.C. § 547(c)(3)(B). Therefore, because the usual defense for an enabling loan is unavailable, FNB asserts the defense under subsection (c)(1).

■ Section 547(c)(1) provides:

The trustee may not avoid under this section a transfer—

to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange.

11 U.S.C. § 547(c)(1). Pursuant to § 547(g), FNB bears the burden of proof with regard to proving any defense under subsection (c) by a preponderance of the evidence standard. 11 U.S.C. § 547(g); *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

As may be inferred from the statutory language, there are two elements to the § 547(c)(1) defense: "The parties must intend that the exchange be substantially contemporaneous; [and] the exchange must in fact be substantially contemporaneous." *Ray v. Security Mut. Fin. Corp. (In re Arnett)*, 731 F.2d 358 (6th Cir.1984). In this case, there is no dispute that the parties intended a contemporaneous exchange when the Debtor executed the note and security interest to FNB. The sole inquiry is therefore whether the exchange was in fact substantially contemporaneous.

■ In *Arnett*, the Sixth Circuit was among the first circuits to address such an issue. *Arnett* also involved a lender that failed to meet the requirements of § 547(c)(3), and therefore asserted the defense of § 547(c)(1). Since the lender in *Arnett* had perfected its lien 33 days after the exchange, the lender sought an expansive reading of the requirement that the exchange "was in fact contemporaneous." 11 U.S.C. § 547(c)(1)(B).

The Sixth Circuit scrutinized the legislative history to § 547, and found that "in enacting the 'contemporaneous exchange' exception, Congress intended to codify decisions under the old bankruptcy act which had held that, when a cash sale was intended, acceptance of a check instead of cash did not change the character of the transaction, so long as the check was cashed within a reasonable period of time." *Arnett, supra*, at 361 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess. 373 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6329.; *Engstrom v. Wiley*, 191 F.2d 684 (9th Cir.1951); *Engelkes v. Farmers Co–Operative Co.*, 194 F.Supp. 319 (N.D.Iowa 1961)). Further, the court emphasized that there is no clear commonality between "standard commercial practices appropriate to the transfer of negotiable instruments" and "those involving security interests," that would justify regarding the transfer of a security interest in the context of § 547(c)(1). *Arnett, supra*, at 362.

In addition to the legislative history, *Arnett* opined that to give § 547(c)(1) the expansive reading sought by the lender would render subsection (c)(3) "redundant and superfluous." *Id.* Finally, the statutory language clearly provides a definition for substantially contemporaneous, when § 547(e)(2) is considered. That subsection "explicitly provides that a security interest perfected more than 10 days after its creation does not relate back and is deemed to have occurred on the date of perfection." *Id.*, at 364. In consideration of that statutory interplay, the Sixth Circuit held that the "substantially contemporaneous" defense was unavailing for the lender that perfected its lien 33 days following the exchange. *Id.*

■ FNB attempts to distinguish the holding in *Arnett* on the basis that it involved a consolidation loan, rather than an enabling loan. The *Arnett* opinion, however, does address enabling loans in the context of discussing the rationale of § 547(c)(1):

> Although this case does not involve an 'enabling loan,' we are also persuaded that expansion of section 547(c)(1)'s reference to contemporaneity beyond 10 days in the context of transfers of security interests is erroneous. The particular problems posed by the delay between creation and perfection of security interests were well recognized by Congress. One of the principal purposes of the Bankruptcy Reform Act is to discourage the creation of 'secret liens' by invalidating all transfers occurring within 90 days prior to the filing of the petitions. Thus, creditors are discouraged from waiting until the debtor's financial troubles become all-too-manifest before recording security interests. Section 547(e)(2)(A) and (B) reflect this concern by providing that a transfer of a security interest relates back to the date of the underlying transaction if perfection occurs no more than 10 days afterwards; if perfection occurs more than 10 days later, the transfer is deemed to occur at the date of perfection.

*Arnett, supra,* at 363. Although FNB is correct that the quoted passage is dictum, it is also a clear and persuasive statement by the Circuit as to how it views the issue at bar. Moreover, even without the quoted passage, the result of *Arnett* is that "the law is settled in this Circuit that perfection of a security interest in an automobile more than ten days after the debt was created cannot come within the § 547(c)(1) exception." *In re Phillips,* 103 B.R. 893, 895 (Bankr.S.D.Ohio 1989). FNB has not offered adequate support for its proposition that an enabling loan should be afforded different treatment under the holding of *Arnett.*

A number of other circuits have followed the holding and rationale of *Arnett.* *See Wachovia Bank & Trust Co. v. Holder (In re Holder),* 892 F.2d 29 (4th Cir.1989); *Union Bank & Trust Co. v. Baker (In re Tressler),* 771 F.2d 791 (3d Cir.1985); *Gower v. Ford Motor Credit Co. (In re Davis),* 734 F.2d 604 (11th Cir.1984); *Valley Bank v. Vance (In re Vance),* 721 F.2d 259 (9th Cir.1983). Like *Arnett, Vance* analyzed the relevant legislative history to find that § 547(c)(1) was drafted "to exclude check or other cash equivalent transactions from the trustee's avoiding powers. Thus, applying section 547(c)(1) to purchase money security interests would expand the scope of the exception far beyond the contemplation of Congress." *Vance, supra,* at 261.

■ The focus in *Arnett* and *Vance, inter alia,* upon the § 547(c)(1) legislative history should not be construed to restrict that section only to transfers involving payment by check. *See, e.g., In re Brown Family Farms,* 80 B.R. 404 (Bankr. N.D.Ohio 1987). The statutory language of § 547(c)(1) clearly encompasses exchanges in which payment is not made by check. Rather, the legislative history should serve to illustrate the import of the requirement that the exchange is in fact substantially contemporaneous.

As noted in *Arnett,* the question of whether an exchange is in fact substantially contemporaneous is clarified by § 547(e)(2). *Arnett, supra,* at 362. That subsection reads, in pertinent part: "For the purposes of this section ... a transfer is made ... at the time such transfer is perfected, if such transfer is perfected after such 10 days." 11 U.S.C. § 547(e)(2)(B).

In this case, the Debtor obtained possession of the vehicle on November 18, 2000. FNB had its security interest on the title to the vehicle noted by the Clerk of the Common Pleas Court on January 2, 2001. Under Ohio law, a security interest in a motor vehicle is not perfected until it is noted on the certificate of title to that vehicle. Ohio Rev.Code Ann. § 4505.13(A) & (B). Therefore, the transfer was not perfected until January 2, 2001, forty-five days after the Debtor acquired the vehicle. That forty-five day delay places the transfer outside of the ten-day period of § 547(e)(2), and dictates that the exchange was not in fact substantially contemporaneous.

FNB argues that unique circumstances affect this case, because the Debtor had retained possession of the vehicle for several years before the November 18, 2001 transaction, by virtue of her step-mother's lease of that car. Since the Debtor's pre-transaction possession of the vehicle renders it virtually impossible to satisfy the contemporaneity requirement of § 547(c)(1), FNB argues that the requirement must be given a more expansive reading. That argument is without merit, however, where FNB could not have satisfied subsection (c)(1) absent those unusual circumstances.

### Conclusion

Accordingly, the Trustee's Motion for Summary Judgment is hereby granted. Each party is to bear its respective costs.

**IT IS SO ORDERED.**