**In re David Peter KNEE, Patricia Ann Knee, Debtors.**

**Eileen K. Field, Plaintiff,**

**v.**

**Lebanon Citizens National Bank, Defendant and Cross–Plaintiff,**

**and**

**David P. Knee and Patricia A. Knee, Defendants and Cross–Defendants.**

**Bankruptcy No. 99–15473.**
**Adversary No. 00–1003.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Aug. 24, 2000.

Eileen K. Field, Harris, Harris, Field, Schacter & Bardach, Cincinnati, OH.

William H. Kaufman, Kaufman & Florence, Lebanon, OH.

L. Joshua Davidson, Cincinnati, OH, U.S. Trustee.

## MEMORANDUM OF DECISION

JEFFERY P. HOPKINS, Bankruptcy Judge.

Presently before the Court is a summary judgment motion (Doc. 23) in a preference action concerning a lien held by Lebanon Citizens National Bank ("LCNB") that encumbers the Debtors' 1995 Plymouth Voyager. The motion was filed by the Chapter 7 Trustee. LCNB has filed a response (Doc. 26). Based upon the following findings of fact and conclusions of law, made pursuant to Fed. R.Civ.P. 52(a), the Court concludes that the Trustee is entitled to summary judgment.

### FACTS

On August 6, 1999, the Debtors, David and Patricia Knee ("the Knees"), executed a retail installment contract and security agreement in favor of Performance Mitsubishi for the purchase of a 1995 Plymouth Voyager. By the terms of the contract, the note and security agreement were assigned to LCNB. The Knees took possession of the vehicle sometime between Au-

gust 6, 1999, and August 8, 1999.[1] On September 10, 1999, the Hamilton County Clerk of Courts issued a certificate of title to the Knees, noting a first lien in favor of LCNB. The Knees filed a Chapter 7 petition on October 4, 1999.

### TRUSTEE'S PRIMA FACIE CASE

■ The Trustee bears the burden of proving each of the elements of a preference action by a preponderance of the evidence. *See* 11 U.S.C. § 547(g); *Bavely v. Cinoco Terminal, Inc. (In re Triple A Coal Co., Inc.),* 41 B.R. 641, 644 (Bankr. S.D.Ohio 1984). The elements of such an action include: (1) a transfer of a property interest of the debtor; (2) on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made within ninety days prior to the filing of the bankruptcy petition; (5) that benefits a creditor; and (6) enables the creditor to receive a larger share of the estate than if the transfer had not been made, 11 U.S.C. § 547(b); *Union Bank v. Wolas,* 502 U.S. 151, 155, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991); *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.),* 91 F.3d 811, 813 (6th Cir.1996).

■ For purposes of § 547(b), the issue of whether there has been a transfer of a property interest of the debtor is governed in part by federal law and partly by state law. *Barnhill v. Johnson,* 503 U.S. 393, 397–98, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). The existence of a property interest of the debtor is determined by state law. *Id.* Whether such an interest has been transferred is controlled by federal law. *Id.* Federal courts have consistently held that the grant of a security interest in a motor vehicle constitutes a § 547(b) transfer. *See Field v. Autona-*

*tion Fin. (In re Moore),* Ch. 7 Case No. 98–15280, Adv. No. 98–1307, 1999 WL 1335019, at *2 (Bankr.S.D.Ohio Nov.30, 1999) (Hopkins, J.). Consequently, state law must be consulted to determine whether the Knees conveyed a security interest in the Voyager. When a debtor executes a security agreement, Ohio law provides that an enforceable security interest does not arise until: (1) value has been given; and (2) the debtor possesses rights in the collateral. *See* Ohio Rev.Code § 1309.14(A). In the instant case, value was advanced to the Knees in the form a loan evidenced by the contract. The Knees acquired rights to the vehicle upon delivery no later than August 8, 1999. *See* Ohio Rev.Code § 1302.42(B) ("title passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place"). Accordingly, the record reflects that the first element of the Trustee's case in chief is satisfied.

Elements two through four depend upon the timing of the transfer, which is governed by 11 U.S.C. § 547(e)(2):

For the purposes of this section … a transfer is made—

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time[; or]

(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days[.]

Under Ohio law, a security interest in a motor vehicle must be noted on the certifi-

---

**1.** LCNB argues that the record contains insufficient evidence of the date that the Knees took possession of the vehicle. Although the Trustee did not provide such evidence at the time that she filed her Motion, she filed supplemental affidavits (Doc. 27) by which the Knees state that they took possession of the Voyager "on or about August 6, 1999, possibly August 8." In addition to the supplemental

affidavits, the Knees' answer to the Trustee's complaint establishes the same. (*See* Doc. 1 at ¶ 2; Doc. 8 at ¶ 1.) *See* Fed.R.Civ.P. 56(c) (providing that pleadings are part of the record on summary judgment); *Life Care Centers of Am., Inc. v. Charles Town Assocs. Ltd. Partnership, LPIMC,* 79 F.3d 496, 512 (6th Cir.1996) (same). LCNB offered no proof to the contrary.

cate of title to be perfected. *See* Ohio Rev.Code § 4505.13(B). Because the lien of LCNB was not noted on the certificate of title within ten days of attachment of the security interest no later than August 8, 1999, the transfer is deemed to have occurred on September 10, 1999.

■ Given that the transfer occurred on September 10, 1999, the Trustee has satisfied her burden with respect to elements two through four. The debt is antecedent because it was incurred no later than August 8, 1999, prior to the transfer. *See Noland v. Morefield (In re National Liquidators, Inc.)*, 232 B.R. 915, 920 (Bankr. S.D.Ohio 1998) ("An antecedent debt is a debt that is incurred before the transfer."). The transfer occurred within ninety days of the October 4, 1999 bankruptcy filing. Likewise, the transfer occurred at a time when the Knees were insolvent. *See* 11 U.S.C. § 547(f) (creating presumption of insolvency during ninety days preceding bankruptcy).

The Court is also satisfied that the fifth and sixth elements are established by the record. The transfer was clearly for the benefit of LCNB. Further, based upon the Trustee's interim report (Doc. 36) filed in the case on January 5, 2000, it is clear that the transfer would enable LCNB to receive a larger share of the estate than if the transfer had not been made.[2] *See In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 465 (6th Cir.1991) (noting that the recipient of a transfer receives more than it would have apart from the transfer if the dividend to unsecured creditors in a liquidation is less than 100%).

### LCNB Arguments

LCNB argues that the Trustee is not entitled to a judgment as a matter of law

because its lien was perfected in a timely manner. This argument, which is not clearly briefed, appears to be predicated upon two undisputed facts. First, as noted above, the Knees' certificate of title was not issued until September 10, 1999. Second, LCNB tendered a copy of the certificate of title issued to Performance Mitsubishi upon its acquisition of the 1995 Plymouth Voyager. The title of Performance Mitsubishi was issued on September 9, 1999. Based upon these facts, LCNB contends that the Knees did not possess rights in the vehicle until either September 9 or 10 and thus LCNB's lien did not attach prior to these dates.[3] Consequently, the argument concludes, perfection of LCNB's lien on September 10, 1999, was timely and the same cannot be avoided pursuant to § 547(b).

The Court is not persuaded. The premise of LCNB's argument—that a security interest in a motor vehicle does not attach until the certificate of title is issued because no ownership rights arise prior to such issuance—has already been rejected by the Sixth Circuit. *See Whittaker v. Ford Motor Credit Co. (In re Edney)*, 47 F.3d 1168, 1995 WL 16883 (6th Cir.1995) (construing Ohio law). The Sixth Circuit concluded that the date of delivery, not the date of issuance of the certificate of title, determines the timing of the passage of title and the attachment of the security interest. *Id.* at *3–4. Accordingly, LCNB's argument fails on this basis alone. Notwithstanding, LCNB's argument loses sight of the forest for the trees. The timeliness of perfection is relevant to the § 547(b) analysis only as far as the date of the transfer is determined. The LCNB argument concludes with the same September 10, 1999 transfer date asserted by

---

**2.** The report provides a "Projected Total Value to be Realized" of $7,200.00 following the resolution of this preference action. The Knees scheduled $51,689.30 in unsecured debt. Accordingly, the Knees' case will not yield a 100% dividend to unsecured creditors.

**3.** The argument is unclear because LCNB states in one sentence of its brief that the security interest did not attach until September 10, 1999. Then, in the very next sentence, LCNB asserts that the lien attached on September 9, 1999. In either case, it is clear that LCNB takes the position that its lien did not attach prior to September 9, 1999.

the Trustee. Accordingly, the transfer is still: (1) on account of an antecedent debt incurred no later than August 8, 1999; (2) within ninety days of the filing of the bankruptcy petition; and (3) made while the Knees are presumed to have been insolvent.[4] LCNB does not suggest that its argument somehow delays the date on which the debt was incurred to the date of the transfer. Accordingly, this argument must be rejected.

■ The final argument advanced by LCNB takes the form of an affirmative defense. LCNB argues that its lien cannot be avoided by the Trustee because the transfer in question constitutes a contemporaneous exchange under the authority of 11 U.S.C. 547(c)(1). "The contemporaneous exchange exception under section 547(c)(1) ... has three elements: (1) both the debtor and creditor must intend the transfer to be a contemporaneous exchange; (2) the exchange must, in fact, be contemporaneous; and (3) the exchange must be for new value." *Stevenson v. Leisure Guide of Am., Inc. (Shelton Harrison Chevrolet, Inc.)*, 202 F.3d 834, 837 (6th Cir.2000). LCNB's argument falls well short with respect to the second element of this defense. The Sixth Circuit takes the position that the transfer of a security interest in a motor vehicle is not contemporaneous in fact where the lien is not perfected within ten days of attachment of the security interest. *See Ray v. Security Mut. Fin. Corp. (In re Arnett)*, 731 F.2d 358 (6th Cir.1984). In this proceeding, the security interest attached no later than August 8, 1999, and the same was not perfected until September 10, 1999. Accordingly, the contemporaneous exchange defense is inapplicable.

### CONCLUSION

For the foregoing reasons, the Trustee's Motion for Summary Judgment (Doc. 23) filed on June 7, 2000, will be **GRANTED.**

4. Even if LCNB claims a transfer date of September 9, 1999, *see supra* note 3, the re-

An order to this effect will be entered. The sole issue for trial on August 30, 2000, is the validity of LCNB's cross-claim against the Knees.