**IN RE: Timothy Patrick HAGGERTY, and Lucena Dalinon Haggerty, Debtors.**

**Frederick M. Luper, Trustee, Plaintiff,**

v.

**Valueland Auto Sales Inc., Defendant.**

Case No. 16–51356
Adv. Pro. No. 16–2104

United States Bankruptcy Court,
S.D. Ohio, Eastern Division.

Signed December 14, 2016

694

Kenneth M. Richards, Columbus, OH, for Plaintiff.

David R. Darby, Columbus, OH, for Defendant.

## OPINION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

C. Kathryn Preston, United States Bankruptcy Judge

This cause came on for consideration of the Motion for Summary Judgment (Doc. #9) (the "Motion"), filed by Frederick M. Luper, Chapter 7 Trustee ("Plaintiff"), the memorandum in opposition to Plaintiff's Motion (Doc. #11) (the "Response"), filed by Valueland Auto Sales Inc. ("Defendant"), and Plaintiff's reply (Doc. #13) (the "Reply") to the Response. The Motion seeks summary judgment on Plaintiff's

complaint (Doc. #1) (the "Complaint") seeking to avoid and preserve for the benefit of the estate Defendant's lien on a 2007 Dodge Charger. For the reasons set forth below, the Court finds that the Motion should be granted.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

### I. Factual and Procedural Background

The facts pertinent to the resolution of this matter are without dispute and can be summarized as follows:

Timothy Patrick Haggerty ("Mr. Haggerty") and Lucena Dalinon Haggerty ("Ms. Haggerty," and collectively with Mr. Haggerty, "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 4, 2016. Plaintiff is the duly appointed and acting Chapter 7 trustee. Mr. Haggerty owns a 2007 Dodge Charger (the "Vehicle"), which is property of the bankruptcy estate. The Vehicle was purchased pursuant to a retail installment contract (the "Purchase Contract") executed on March 2, 2016, by and between Mr. Haggerty, Daniel Haggerty—who is Mr. Haggerty's adult son—and Defendant. Mr. Haggerty took possession of the Vehicle on March 4, 2016—the same day Debtors' filed their Chapter 7 petition. The Purchase Contract purports to grant Defendant a security interest [1] in the Vehicle (the "Lien"). The certificate of title to the Vehicle was issued in the name of Mr.

---

1. Throughout this Opinion, the Court will use the term "lien" and "security interest" interchangeably.

Haggerty on April 7, 2016, and Defendant's Lien was noted thereon.

On June 14, 2016, Plaintiff timely filed the Complaint to avoid the Lien as a post-petition transfer under 11 U.S.C. § 549 (Count I) and/or a preferential transfer under § 547 (Count II), and preserve the avoided Lien for the benefit the bankruptcy estate pursuant to 11 U.S.C. § 551 (Count III). The Motion contends that there are no issues of material fact and that Plaintiff is entitled to judgment as a matter of law.

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure [2] provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must illustrate that the facts are not genuinely disputed by pointing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). See also Fed. R. Civ. P. 56(c)(3).

If the movant satisfies this burden, the nonmoving party may not rest on its pleading, but similarly must, by citation to particular parts of the record, demonstrate that a fact or facts are subject to dispute.

Fed. R. Civ. P. 56(c)(1). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the non-moving party must show that there exists some genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The Judge's function is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Hirsch v. CSX Transp., Inc., 656 F.3d 359, 362 (6th Cir. 2011) (quoting Anderson, 477 U.S. at 249, 106 S.Ct. 2505). "When determining whether the evidence is sufficient, the trial court should not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury." J.C. Wyckoff & Assocs., Inc. v. Standard Fire Ins. Co., 936 F.2d 1474, 1487 n.19 (6th Cir. 1991) (citation omitted). Rather, the Court must deem as true the nonmovant's evidence and must view all justifiable inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson, 477 U.S. at 255, 106 S.Ct. 2505.

The Sixth Circuit Court of Appeals has articulated the following analysis to undertake when evaluating a motion for summary judgment:

[T]he moving [party] may discharge its burden by pointing out to the ... court ... that there is an absence of evidence to support the nonmoving party's case. The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we

---

**2.** Rule 56 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party].

*Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997) (internal citations and quotation marks omitted). A material fact is one whose resolution will affect the determination of the underlying action. *Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996). An issue is genuine if a rational trier of fact could find in favor of either party on the issue. *Schaffer v. A.O. Smith Harvestore Prods., Inc.*, 74 F.3d 722, 727 (6th Cir. 1996) (citation omitted).[3] But determinations of credibility, weight to be given the evidence, and inferences to be drawn from the facts remain the province of the jury. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

In determining whether each party has met its burden, the court must keep in mind that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses ...." *Celotex*, 477 U.S. at 323–24, 106 S.Ct. 2548. If otherwise appropriate, summary judgment may also be entered for a nonmoving party. *K.E. Resources, LTD. v. BMO Fin. Inc. (In re Century Offshore Mgmt. Corp.)*, 119 F.3d 409, 412 (6th Cir. 1997); *see also Celotex*, 477 U.S. at 326, 106 S.Ct. 2548 ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte*, so long as the losing party was

on notice that she had to come forward with all of her evidence."). *See also* Fed. R Civ. P. 56(f).

## III. Analysis

### A. 11 U.S.C. § 547

#### i. *Avoidability of the Lien under § 547(b)*

■ Section 547(b) of the Bankruptcy Code provides:

Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the ex-

---

**3.** Nonetheless, the Court is not required to "speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record

for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

tent provided by the provisions of this title.

11 U.S.C. § 547(b). The trustee bears the burden of proving avoidability of a transfer under § 547(b). 11 U.S.C. § 547(g).

■ For purposes of § 547(b), whether there has been a transfer of a property interest of a debtor is a matter of both federal and state law. "The existence of a property interest of the debtor is determined by state law." *Field v. Lebanon Citizens Nat'l Bank (In re Knee)*, 254 B.R. 710, 712 (Bankr. S.D. Ohio 2000) (citing *Barnhill v. Johnson*, 503 U.S. 393, 397–98, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992)). However, " '[w]hat constitutes a transfer and when it is complete' is a matter of federal law." *Barnhill*, 503 U.S. at 397–98, 112 S.Ct. 1386 (quoting *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 369–370, 65 S.Ct. 405, 89 L.Ed. 305 (1945)). Pursuant to 11 U.S.C. § 101(54), a "transfer" includes the creation of a lien. 11 U.S.C. § 101(54). *See also Knee*, 254 B.R. at 712 ("Federal courts have consistently held that the grant of a security interest in a motor vehicle constitutes a § 547(b) transfer."). Thus, the Court must determine if, in fact, a security interest was granted to Defendant under Ohio law, and, if so, when the security interest was deemed to have been transferred to Defendant pursuant to federal law.

■ Under Ohio law, after a security agreement is executed by a debtor, the security interest is created once value has been given and the debtor has rights in the collateral. *See* Ohio Rev. Code § 1309.203. In the instant matter, the Purchase Contract, which sufficiently serves as a security agreement, was executed on March 2, 2016. Contemporaneously therewith, Defendant gave value by agreeing to sell the Vehicle to Mr. Haggerty pursuant to the Purchase Contract. *See* Ohio Rev. Code § 1301.204 (defining value to include "any

consideration sufficient to support a simple contract"). Mr. Haggerty acquired rights in the Vehicle upon taking possession of the Vehicle on March 4, 2016. *See* Ohio Rev. Code § 1302.42 ("[T]itle passes to the buyer at the time and place at which the seller completes performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place[.]"). Thus, there was a transfer of a property interest of Mr. Haggerty—in the form of creation of the Lien on the Vehicle—to Defendant (hereinafter, the "Transfer"), and Plaintiff has therefore satisfied the first element under § 547(b).

■ Elements two (2) through four (4) of § 547(b) depend on the timing of the transfer in question. Pursuant to 11 U.S.C. § 547(e)(2), a transfer is deemed to have been made:

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B);

(B) at the time such transfer is perfected, if such transfer is perfected after such 30 days; or

(C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—

(i) the commencement of the case; or

(ii) 30 days after such transfer takes effect between the transferor and the transferee.

11 U.S.C. § 547(e)(2). A security interest in a motor vehicle is perfected under Ohio law once the lienholder's interest is noted on the certificate of title. Ohio Rev. Code § 4505.13.

As stated above, Defendant's Lien was noted on the certificate of title to the Vehicle on April 7, 2016—thirty-four (34) days after Mr. Haggerty obtained possession of the Vehicle and the commencement of Debtors' bankruptcy case. Pursuant to § 547(e)(2)(C), the Transfer is deemed to have occurred immediately before March 4, 2016—the date Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code—and thus, the Transfer occurred within ninety (90) days before the date Debtors commenced their bankruptcy case and at a time when Debtors were insolvent.[4] Furthermore, because the Purchase Contract was executed on March 2, 2016, the Transfer is on account of an antecedent debt. *See Noland v. Morefield (In re Nat'l Liquidators, Inc.)*, 232 B.R. 915, 920 (Bankr. S.D. Ohio 1998) ("An antecedent debt is a debt that is incurred before the transfer." (citation omitted)). *See also* 5 COLLIER ON BANKRUPTCY ¶ 547.09 (16th ed.) (Unless a statutory exception applies, "a transfer not perfected before the date of the filing of the petition will always be treated as having been made for or on account of an antecedent debt[.]"). Thus, the elements set forth in § 547(b)(2), (3) and (4) are met with respect to the Transfer.

With respect to the final prong of § 547(b), the Court is also satisfied that the Transfer enables Defendant to receive more than it would if the Transfer had not been made and Defendant received payment on the related debt pursuant to the provisions of the Bankruptcy Code. According to Plaintiff's affidavit filed with the Motion, Debtors scheduled unsecured priority debts of $7,998.80 and general unsecured debts in the amount of $48,973.70.[5] The value of the Vehicle listed on Debtors schedules is $4,038.00 and the purchase price of the Vehicle was $6,995.00. In the affidavit, Plaintiff stated that he is not administering any other assets in Debtors' bankruptcy case, and thus, it is plain that general unsecured creditors will not be paid in full. *See Still v. Rossville Bank (In re Chattanooga Wholesale Antiques, Inc.)*, 930 F.2d 458, 465 (6th Cir. 1991) (noting that, unless the estate is sufficient to provide a 100% distribution, a creditor that receives a transfer during the preference period is in a position to receive more than it would have received under a Chapter 7 liquidation). Defendant has not refuted this. Accordingly, the Court finds that Plaintiff has satisfied his burden of proving avoidability of the Transfer under § 547(b).

### ii. Defenses under § 547(c)

Having found that the Transfer falls within the scope of § 547(b), the Transfer is avoidable unless it is excepted from avoidance pursuant to § 547(c). The party "against whom recovery or avoidance is sought has the burden of proving the nonavoidability of a transfer under subsection (c)[.]" 11 U.S.C. § 547(g). In the instant case, Defendant has not specifically asserted any defense set forth in § 547(c). Rather, Defendant notes that the Vehicle was sold to Mr. Haggerty prior to Defendant receiving title from the previous own-

---

4. Pursuant to 11 U.S.C. § 547(f), "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). Nothing in the record suggests that Debtors were not insolvent at the time of the Transfer.

5. According to Debtors' Schedule E/F, Mr. Haggerty incurred priority debt in excess of $7,500.00, which is more than the scheduled value and purchase price of the Vehicle. It also appears that Mr. Haggerty was either individually or jointly liable on various general unsecured debts. (*See* Schedule E/F, Bankr. Case No. 16–51356, ECF No. 1).

ers, which is permissible under Ohio law so long as the seller causes the title to be issued in the purchaser's name within forty (40) days of the sale. Defendant therefore argues that because it complied with Ohio law regarding issuance of the certificate of title in Mr. Haggerty's name, and because certain circumstances beyond its control attributed to the delay in issuance of the title—and consequently, the delay in the notation of the Lien on the title—Plaintiff should not be permitted to avoid the Lien. As discussed above, however, while state law may dictate the existence of property interests, " '[w]hat constitutes a transfer and when it is complete' is a matter of federal law." *Barnhill v. Johnson,* 503 U.S. 393, 397–98, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992) (quoting *McKenzie v. Irving Trust Co.,* 323 U.S. 365, 369–370, 65 S.Ct. 405, 89 L.Ed. 305 (1945)). Thus, whether Defendant timely caused title to be issued to Mr. Haggerty under Ohio law is immaterial for purposes of determining whether the Lien is avoidable under § 547. *See Bank One, Dayton, N.A. v. Bavely (In re Phillips),* 103 B.R. 893, 895 (Bankr. S.D. Ohio 1989) (recognizing that a secured creditor is at the mercy of an administrative official to timely issue the certificate of title, but nonetheless holding that a lien is avoidable if the lien is not perfected within the statutory period set forth in § 547).

▬▬ Defendant may be attempting to rely on the "enabling loan" defense articulated in § 547(c)(3). Any such argu-

ment lacks merit. Section 547(c)(3) provides that:

> The trustee may not avoid under this section a transfer—
>
> . . .
>
> (3) that creates a security interest in property acquired by the debtor—
>
>     (A) to the extent such security interest secures new value that was—
>
>     (i) given at or after the signing of a security agreement that contains a description of such property as collateral;
>
>     (ii) given by or on behalf of the secured party under such agreement;
>
>     (iii) given to enable the debtor to acquire such property; and
>
>     (iv) in fact used by the debtor to acquire such property; and
>
>     (B) *that is perfected on or before 30 days after the debtor receives possession of such property*[.]

11 U.S.C. § 547(c)(3) (emphasis added). As pointed out by Plaintiff, the Transfer was not perfected within thirty (30) days after Mr. Haggerty received possession of the Vehicle, and thus, the exception described in § 547(c)(3) does not apply to the Transfer.[6]

---

**6.** The Court also notes that it is not entirely clear whether the exception in 11 U.S.C. § 547(c)(3) applies to situations in which a seller of property retains a security interest—such as in the instant case—or whether the exception only applies to "enabling loans," in which the debtor grants a security interest in property to a lender that provided a loan which the debtor used to purchase such property. Under Ohio law, both security interests fall within the category of purchase-money security interests, *see* Ohio Rev. Code

§ 1309.103; however, legislative history seems to suggest that § 547(c)(3) applies only to enabling loans. *See In re Jeans,* 326 B.R. 722, 730–33 (Bankr. W.D. Tenn. 2005) (discussing the legislative history of 11 U.S.C. § 547(c)(3), but ultimately determining that § 547(c)(3) applies to both enabling loans and seller retained purchase-money security interests). Nonetheless, because the Transfer was not perfected within the time frame set forth in § 547(c)(3)(B), the Court need not address this issue.

 Last, Defendant contends that Plaintiff's Motion should be denied because Mr. Haggerty represented on his loan application that he had no intention of filing bankruptcy in the near future. Defendant posits that such misrepresentations impacted Defendant's decision to sell the Vehicle to Mr. Haggerty, and that Defendant's rights will be prejudiced if the Lien is avoided. The fact that Mr. Haggerty may have made misrepresentations with respect to his financial condition and/or his intention to file bankruptcy is not a defense to avoidance of a preferential transfer under § 547.

Accordingly, the Court finds that the Lien is avoidable as a preferential transfer pursuant to 11 U.S.C. § 547(b), and that Defendant has failed to demonstrate that an exception applies under § 547(c). Having made such a determination, the Court need not address whether the Lien is also avoidable as a post-petition transfer under 11 U.S.C. § 549.[7]

### B. 11 U.S.C. § 551

Pursuant to § 551 of the Bankruptcy Code, any transfer avoided under § 547 "is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. § 551. Because the Vehicle is property of the bankruptcy estate, the Lien, once avoided, is preserved in its entirety for the benefit of the estate.

## IV. Conclusion

For the reasons set forth above, the Court finds that Plaintiff has established that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law on Counts II and III of the Complaint.

7. The Court notes that Plaintiff's Motion fails to distinguish between creation of the Lien and perfection of the Lien. As discussed above, the Lien had been created (but not perfected) prior to commencement of Debtors' case, and thus, it is unclear how the Lien itself could be avoided as a post-petition transfer.

Therefore, Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby GRANTED. The Court will enter a separate Final Judgment in accordance with this Opinion.

**IT IS SO ORDERED.**